LULA M. JONES, *Petitioner*, vs. GENERAL ACCIDENT, FIRE & LIFE ASSURANCE CORPORATION, LTD., of Perth, Scotland, *Respondent.*

137 So. 889.

Division B.

Opinion filed December 2, 1931.

Petition for rehearing denied January 4, 1932.

*George C. Bedell* and *Chester Bedell,* for petitioner; *Lee Guest* and *Wm. A. Stanley,* for respondent.

WHITFIELD, P.J.—Lula M. Jones, as beneficiary, brought

an action in the Civil Court of Record on an insurance policy to recover for the accidental death of her husband, Philip Jones, it being alleged that the decedent "was struck by a moving automobile and in consequence thereof directly and exclusive of all other causes sustained bodily injury from which such injury solely the death of the said Philip Jones resulted."

The policy insured against "the effects resulting directly and exclusively of all other causes, from bodily injury sustained * solely through external, violent and accidental means." When apparently in good health the insured was struck by an automobile, May 12, 1927, and continued in ill health till his death, August 10, 1927. The main defense was that the death was caused at least in part by disease.

The Court rendered the following:

"The parties in this cause having concluded the submission of evidence in support of the issue joined, the defendant moved the Court to instruct the jury to find a verdict for the defendant; and the Court having heard argument of counsel for the respective parties did grant said motion and announce its purpose to instruct the jury to find a verdict for the defendant, to which ruling the plaintiff did then and there except.

And the plaintiff, thereupon and before the jury retired, did move for a non-suit with bill of exceptions.

Whereupon it is considered by the Court that said motion be granted, and that plaintiff have sixty days from this date within which to present her bill of exceptions.

It is thereupon further considered by the Court that the plaintiff take nothing by her suit, and that the defendant go thereof without day, and have and recover its costs."

On appeal to the Circuit Court the judgment of the Civil Court of Record was affirmed.

This Court granted a writ of certiorari to the affirming judgment of the Circuit Court.

For a proper form of judgment where non-suit is al-

lowed, see Spiker v. Hester, 133 So. 872; 135 So. 502. The evidence taken in the trial court was duly authenticated to the Circuit Court by bill of exceptions and the certified transcript brought here on certiorari likewise contains the evidence incorporated in the bill of exceptions.

At the trial the court announced "its purpose to instruct the jury to find a verdict for the defendant"; and as judgment was rendered for the defendant, it must be determined whether the cause should have been submitted to the jury on appropriate instructions from the court.

"A case should not be taken from the jury unless the conclusion follows from the evidence as matter of law that no recovery can be lawfully had upon any view taken of facts that the evidence tends to establish." Jacksonville Terminal Co., a corporation v. Smith, 67 Fla. 10, 64 So. 354.

See also Haile v. Mason Hotel Co., 71 Fla. 469, 71 So. 540; Phoenix Ins. Co. v. Doster, 106 U. S. 30; Connecticut Mut. Life Ins. Co. v. Lathrop, 111 U. S. 612; National Union v. Thomas, 10 Appeal Cases, Dist. of Columbia, 277.

While there is positive evidence that the insured died of "tuberculosis of left kidney and of bladder", yet there is evidence from which a jury might infer that the death actually resulted "directly and exclusively of all other causes, from bodily injury sustained solely through external, violent and accidental means," within the meaning of the insurance policy, and as alleged in the declaration.

The trial court did not proceed according to the essential requirements of the law in declining to submit the case to the jury with proper instructions, and the appellate court should not have affirmed the judgment for the defendant.

The judgment of the Civil Court of Record, affirmed by the Circuit Court, is quashed.

It is so ordered.

TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS, J., concur in the opinion and judgment.

BROWN, J., dissenting:—Under the pleadings as framed by the parties, and the evidence adduced in this case, I cannot see that there was any departure from the essential requirements of the law on the part of the trial court, nor on the part of the Circuit Court in affirming the judgment of the trial court.