RHODA CAMP, *et vir.,* v. ANNIE M. SILAS.

151 So. 706.

Division B.

Opinion Filed December 20, 1933.

Rehearing Denied January 4, 1934.

C. A. Savage, Jr., S. T. Sistrunk and D. Niel Ferguson, for Plaintiffs in Error;

Frank R. Greene, for Defendant in Error.

PER CURIAM.—In this case judgment was rendered in the Circuit Court against the plaintiffs in error in a suit charging the defendants with false imprisonment of the plaintiff, defendant in error here.

There is no evidence in the record connecting E. H. Camp with the case in any manner except that he is the husband of Rhoda Camp.

There is no evidence in the record which could constitute any legal foundation for a judgment against either Rhoda Camp or her husband, E. H. Camp, for the alleged false imprisonment of Annie M. Silas.

The record shows that Mrs. Camp applied to the Sheriff of Alachua County and solicited his assistance for the purpose of ascertaining whether or not one J. W. Dampier and his wife had in their possession and were then moving from the State of Florida to the State of Georgia certain personal property belonging to Mrs. Camp which had been moved from her premises without her knowledge or consent, and that the sheriff, in pursuance of this request, telephoned to a Mr. Tyner, a city police officer of the Town of Alachua, and asked him to stop the Dampiers and advise them that Mrs. Camp was complaining of their having in their possession and moving out of the State of Florida certain personal property which belonged to her which had been taken by them without her knowledge or consent and to advise them (the Dampiers) that if they wished to voluntarily return to Gainesville and straighten the matter out in a satisfactory manner it would probably be the best thing for them to do. But that the sheriff advised the police officer that he had no warrant for the arrest of these people and told him not to make any arrest. The police officer later advised the sheriff that the parties were willing to return voluntarily to Gainesville and the police officer went from Alachua to Gainesville, and Mrs. Silas, as a matter of convenience, rode with the police officer in his car, while the Dampiers rode in Mrs. Silas' car.

It appears from the record that the property was being moved for the Dampiers by Mrs. Silas but there was no charge made, according to the uncontradicted testimony of Mrs. Camp against Mrs. Silas and there was no request, so

far as the evidence shows, made by Mrs. Camp to the sheriff or to anyone else to detain, arrest or otherwise molest Mrs. Silas.

The record shows that after Mrs. Silas and the Dampiers returned to Gainesville the Dampiers admitted they had Mrs. Camp's property on a trailer which they had left in Alachua and they all agreed that the property would be returned to Mrs. Camp when Mrs. Silas returned to Florida from Georgia. But the property was not returned.

The record may be sufficient to show a technical arrest and imprisonment of the Dampiers for which Mrs. Camp may have been remotely responsible, although the uncontradicted evidence is that she told the sheriff that she did not want even them arrested, but, as heretofore stated, the record entirely fails to show that Mrs. Camp sought the detention of Mrs. Silas or that she was in any manner responsible for her detention, if, as a matter of fact, Mrs. Silas was detained against her will by the police officer at Alachua, or by anyone else. The preponderance of the evidence establishes it as a fact that Mrs. Silas returned from Alachua to Gainesville with the Dampiers of her own free will and accord.

The judgment should be reversed and it is so ordered.

Reversed.

WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur. DAVIS, C. J., dissents.

### ON REHEARING.

PER CURIAM.—This case is before us on petition for rehearing.

The petition calls our attention to the fact that the statement contained in the opinion filed herein, to-wit: "The record shows that after Mrs. Silas and the Dampiers re-

turned to Gainesville the Dampiers admitted they had Mrs. Camp's property on a trailer which they had left in Alachua, and they all agreed that the property would be returned to Mrs. Camp when Mrs. Silas returned to Florida from Georgia. But, the property was not returned;" is not supported by the record, and we find that this contention is well founded but that is not material to the issues nor to the disposition of the case.

In this case the sheriff testified that Mrs. Camp did not request him to in any wise detain Mrs. Silas; both the sheriff and the deputy testified that the sheriff did not authorize the deputy to arrest or detain Mrs. Silas. According to all the evidence, the deputy had no authority to detain Mrs. Silas and if she was detained by him it was upon his own responsibility.

In Swenson v. Cahoon, opinion filed September 12, 1933, this Court, speaking through Mr. Justice TERRELL, said:

"In other words, in order to render the sheriff liable for the act of his deputy, the act must be done by virtue of his office as a deputy, and in order that it have the character it must be committed in an attempt to serve or execute a writ of process and as a means to that end, or in acting under a statute giving him the right to arrest without warrant, otherwise he is acting as an individual. Jones v. Van Bever, 164 Ky. 80, 174 S. W. 795; McLain v. Arnold, 75 Okla. 52, 174 Pac. 563; Ivy v. Osborne, 152 Tenn. 470, 279 S. W. 384; Davis v. Smith, 130 Mass. 113; Chandler v. Rutherford, 101 Fed. 774; Tate v. Baugh, 264 Fed. 892; King v. Brown, 100 Tex. 109, 94 S. W. 328; Brown v. Wallis, 100 Tex. 546, 101 S. W. 1070."

The record here clearly shows that if there was an imprisonment it was by the police officer and deputy sheriff

on his own responsibility, for which the plaintiff in error was not liable.

The petition for rehearing is denied.

WHITFIELD, ELLIS and BUFORD, J. J., concur.

DAVIS, C. J., and TERRELL, J., dissent.

DAVIS, C. J. (dissenting).—I disagreed to the reversal of this case on the original hearing because I thought the evidence clearly proved that there was a false arrest at the instance of Mrs. Camp which was in no respect justified. The mere fact that plaintiff did not resist arrest to the point of offering violence to the person of the arresting officer was not in my judgment a bar to recovery. If this were so, the only actionable false arrests would be those perpetrated at the point of a pistol or with violence and beating of the arrested person. I therefore adhere to my view that the judgment should be affirmed.