O. K. DODSON v. RUDOLPH SOLOMON, doing business as WALK OVER BOOTERY.

183 So. 825.
Division B.
Opinion Filed October 14, 1938.
Rehearing Denied November 3, 1938.

*Wm C. McLean,* for Plaintiff in Error;

*Samuel Feinberg* and *O. P. Hilburn,* for Defendant in Error.

Chapman, J.—This case is here on writ of error to a final judgment in behalf of the defendant in the court below. The declaration is in two counts, viz.:

"1. For that the defendant on to-wit, the ___ day of October, 1937, in Hillsborough County, Florida, caused and procured one Smith, a policeman of the City of Tampa, Florida, to make an assault with force and arms upon the plaintiff, and the plaintiff, at the direction or request of the defendant, was given into custody of said policeman and was compelled to go in and along divers public streets, to a certain police office in said City and was then and there imprisoned and detained in prison there, without any reasonable or probable cause whatsoever, for the space of thirty minutes then next following, contrary to the laws of this State, and against the will of the plaintiff; whereby the plaintiff was then and there not only greatly injured in his credit and reputation but was exposed to public scandal, infamy and disgrace and other wrongs the defendant to him, the plaintiff, then and there did, against the peace of this State and to the damage of the plaintiff in the sum of $5,000.00. And the plaintiff also sues for punitive damages and alleges that the matters and things herein complained of were wickedly, willfully, wantonly and maliciously done by

the defendant to bring the plaintiff into public disgrace and injury to his credit and circumstances.

"2. That on to-wit, the ___ day of October, 1937, the defendant gave plaintiff in custody of a policeman and caused him to be imprisoned in a police office.

"WHEREFORE plaintiff sues and demands and claims damages in the sum of $5,000.00."

The case went to trial on pleas: (1) not guilty; (2) plaintiff was unlawfully taking and carrying away defendant's property when he requested police protection; (3) defendant requested aid of a police officer to prevent the commission of a crime, to-wit, larceny on the part of the plaintiff.

The lower court sustained a motion at the conclusion of plaintiff's case, for a directed verdict, and a motion for a directed verdict, and a motion for a new trial was made and by the lower court denied. It is contended here that the lower court committed reversible error in directing a verdict for the defendant. The evidence shows that the plaintiff by trade was a painter and the defendant sold at retail shoes in the City of Tampa. Plaintiff painted and decorated the store of the defendant, when the defendant owed approximately $20.00 to the plaintiff for his services. The plaintiff bought merchandise of the defendant to cover the amount due him by the defendant when a dispute arose between them about the payment of an item which plaintiff had in his possession—plaintiff contending he had paid for the item and it had been charged against his account for services rendered, while the defendant was just as emphatic that the item in dispute had not been included in the settlement. The plaintiff was about to leave defendant's place of business with the disputed item of merchandise in his possession when defendant called a police officer, who took the plaintiff and his wife to the police station and the officer

there in charge, after hearing each side of the dispute or controversy, discharged the plaintiff and he was not prosecuted for taking the item of merchandise.

The item was redelivered at the police station at Tampa by the plaintiff to the defendant,. but shortly thereafter a similar article was delivered by the defendant to the plaintiff, and from this transaction it is contended that the defendant was wrong from the beginning of the transaction. The law seems to be that in order to recover for false arrest of the person, it must be shown that the restraint was unreasonable and such as was not warranted by the circumstances. See Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214; Camp v. Silas, 113 Fla. 323, 151 So. 706; Fisher v. Payne, 93 Fla. 1085, 113 So. 378.

In the case of S. H. Kress & Co. v. Powell, 132 Fla. 471, 180 So. 757, this Court, speaking through Mr. Justice BROWN, distinguished between malicious prosecution and false imprisonment, and in so doing said:

" 'Although not always observed, the distinction between malicious prosecution and false imprisonment is fundamental. But briefly, the essential difference between a wrongful detention for which malicious prosecution will lie, and one for which false imprisonment will lie, is that in the former the detention is malicious but under the due forms of law, whereas in the latter the detention is without color of legal authority. In malicious prosecution plaintiff must allege and prove malice and want of probable cause and the termination of the proceeding favorably to plaintiff, whereas in false imprisonment the allegation of want of probable cause is not essential, and the burden is on defendant to prove probable cause as a defense or in mitigation. Malice is material only on the issue of damages, and the termination of the proceeding is not material. If the imprisonment is under legal authority it may be ma-

licious but it cannot be false. This is true where legal authority is shown by valid process, even if irregular or voidable. Void process will not constitute legal authority within this rule.' "

See Seaboard Oil Co. v. Cunningham, 51 Fed. (2nd) 321; Stewart v. Sonneborn, 98 U. S. 187, 25 L. Ed. 116.

The legal sufficiency of the evidence is a matter of law for the court to determine; and where, as here, the evidence would not in law support a verdict for the plaintiff, there can be no recovery and the court should direct a verdict for the defendant. See Smith, Richardson & Conroy v. Tampa Electric Co., 83 Fla. 79, 89 So. 352; Jones v. General Accident, Fire & Life Ins. Corp., 103 Fla. 787, 137 So. 889.

In the case of Stevens v. Tampa Electric Co., 81 Fla. 512, text p. 519, 88 So. 303, this Court had before it the question of directing a verdict, as in the case at bar, when it said:

"In determining whether the trial court committed reversible error in directing a verdict for the defendant on the evidence adduced by both parties, the fair inferences to be drawn from all the evidence, in favor of the plaintiff, should be considered; but if after doing this, the appellate court is in doubt as to whether there was substantial evidence to afford a sufficient legal predicate for a verdict for the plaintiff, the trial court will not be held in error for directing a verdict for the defendant, where the trial court saw and heard the witnesses testify, and no rule of law has been violated.

"The presumptions are in favor of the ruling made by the court, and the burden is on the plaintiff in error to clearly show from the evidence that the court committed the error assigned.

"This rule does not impair the organic right to a jury trial, since if by the legal effect of the evidence the plain-

tiff has not proven a controverted cause of action, he has no more right to a jury trial than if he had failed to allege a cause of action in his pleadings. And the principle of law that indulges a presumption in favor of the ruling of the trial court on the probative force of the testimony of the witness taken before him does not violate the rights of parties to the litigation."

The judgment appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.