**RAYMOND JOHNSON, v. MEYER WEINER also known as M. WEINER.**

19 So. (2nd) 699                                   June Term, 1944
November 17, 1944                                      Division B

*Leitner & Leitner,* for appellant.

*W. W. Whitehurst,* for appellee.

BROWN, J.:

The appellant, who was plaintiff below, filed a declaration alleging that the defendant, a merchant operating a large mercantile business in Wauchula, Hardee County, sued out a warrant for the arrest of one Jack Johnson. The warrant was placed in the hands of the sheriff, and that shortly thereafter, while the plaintiff, his relatives and friends, were in said mercantile establishment, buying or attempting to buy merchandise, the defendant, in some manner, advised the sheriff that the Jack Johnson for whom the said sheriff had the said warrant, was then in defendant's store. That the sheriff and one of his deputies immediately arrived upon the scene and the defendant pointed out this plaintiff to the sheriff and told the sheriff that plaintiff was the man for whom the sheriff had the warrant, whereupon the officers immediately in a boisterous manner arrested plaintiff and took him in custody and locked him up in the county' jail, where plaintiff had to remain for something over thirty minutes before his wife procured his release on bond. That the defendant was acquainted with plaintiff, or should have been, as he had bought merchandise from plaintiff for a number of years; that plaintiff had not committed any crime and was not the said Jack Johnson, and that defendant maliciously, and wrongfully had plaintiff arrested and put in jail, for which he claims damages.

The defendant interposed a demurrer, among the grounds of which were the following: That defendant is not charged with participation in or causing the arrest of plaintiff except by making a mere erroneous identification of him. That the allegations of the declaration show no more than that the defendant pointed out the plaintiff and identified him as the person for whom the warrant had been issued, but does not show that the defendant participated in or directed the arrest of the plaintiff. And that the allegations do not show that

the defendant had deceitfully and wantonly identified the plaintiff as the person for whom the warrant had been issued.

The circuit judge, in his order, stated that the declaration did not charge that the defendant had wrongfully, wilfully, maliciously, or knowingly misrepresented that the plaintiff was in fact the person named in the warrant of arrest, and that for that reason the declaration did not state a cause of action. The demurrer to the declaration was sustained and the plaintiff declining to amend, judgment was entered in favor of the defendant, and the plaintiff took this appeal.

Our view is that this declaration does state a cause of action for false imprisonment. The action for false imprisonment is usually distinguishable in terminology only from the action for false arrest (22 Am. Jur. 352). The declaration in this case does not state a good cause of action for malicious prosecution, and it is quite possible that this was the form of action which the trial judge had in mind.

False imprisonment is the unlawful restraint of a person against his will, the gist of which action is the unlawful detention of the plaintiff and deprivation of his liberty. Fisher v. Payne, 93 Fla. 1085, 113 So. 378. In the case of Kress & Co. v. Powell, 132 Fla. 471, 180 So. 757, we quoted from 25 C.J. 444, with approval, the following statement:

"Although not always observed, the distinction between malicious prosecution and false imprisonment is fundamental. But briefly, the essential difference between a wrongful detention for which malicious prosecution will lie, and one for which false imprisonment will lie, is that in the former the detention is malicious but under the due forms of law, whereas in the latter the detention is without color of legal authority. In malicious prosecution plaintiff must allege and prove malice and want of probable cause and the termination of the proceeding favorably to plaintiff, whereas in false imprisonment the allegation of want of probable cause is not essential, and the burden is on defendant to prove probable cause as a defense or in mitigation. Malice is material only on the issue of damages, and the termination of the proceeding is not material. If the imprisonment is under legal authority it may be malicious but it cannot be false.

This is true where legal authority is shown by valid process, even if irregular or voidable. Void process will not constitute legal authority within this rule."

To like effect, see Dodson v. Solomon, 134 Fla. 284, 183 So. 825. See also 11 R.C.L., 791 et seq and 22 Am. Jur. 353 et seq. On page 358 of the last cited authority, it is said:

"A person is not liable for false imprisonment unless his act is done for the purpose of imposing a confinement, or with knowledge that such confinement will, to a substantial certainty, result from it."

And on page 369 it is said that:

"Actual malice or bad motive is not an element essential to sustain an action for false imprisonment."

Further on, at page 405, it is stated that when the warrant contains the name of the person, the officer executing it must rely on the name alone and cannot justify the arrest of a person whose name is other than that appearing on the warrant, even though he is the one intended, but that the officer's honest mistake may reduce the damages to be assessed against him to the actual damages suffered by the plaintiff. Cases are cited in support of these propositions.

To be liable in an action for false imprisonment, one must have personally and actively participated therein, directly or by indirect procurement. All those who, by direct act or indirect procurement, personally participate in or proximately cause the false imprisonment and unlawful detention are liable therefor. See 22 Am. Jur. pages 371-374, where numerous authorities are cited.

It appears from the allegations of this declaration that the sheriff did not have in his hands a warrant for the arrest of this appellant and we think the declaration is sufficient in its allegations to show that the defendant, by swearing out the warrant and then making his alleged statement to the sheriff that plaintiff was the man for whom the warrant was issued, was instrumental in procuring the arrest and imprisonment of the plaintiff.

Reversed and remanded.

BUFORD, C. J., THOMAS and SEBRING, JJ., concur.