275 So.2d 37 (1973)
Robert O. KNIGHT, Appellant,
v.
Dave STARR, Individually and As Sheriff of Orange County, Florida, et al., Appellees (Two Cases).
Nos. 71-671, 71-672.
District Court of Appeal of Florida, Fourth District.
March 8, 1973.
Rehearing Denied April 11, 1973.
*38 Karl O. Koepke, William F. Poole, IV, and Thomas McMillan Woodruff, of Whitaker & Koepke & Associates, Orlando, for appellant.
James E. Thompson, of Fowler, White, Gillen, Humkey, Kinney & Boggs, Tampa, and Ward, Bradford & Oswald, and Gurney, Gurney & Handley, Orlando, for appellees for 71-671.
John M. Robertson, of Robertson, Williams & Baker, Orlando, and Maquire, Voorhis & Wells, Orlando, for appellees, for 71-672.
Rehearing Denied April 11, 1973 in No. 71-671.
OWEN, Judge.
Appellant's original complaint and two subsequent amended complaints were each dismissed for failure to state a cause of action, the final dismissal being with prejudice. Error is assigned to dismissal of the original and each amended complaint.
Appellant's suit was against the Sheriff of Orange County, Florida, and certain news media. The original and two amended complaints were properly dismissed as to the defendants other than the sheriff, and the original and second amended complaint were properly dismissed as to the defendant-sheriff, since none of these set forth a valid cause of action against any of the defendants. However, the amended complaint did state a cause of action against the defendant-sheriff and should not have been dismissed.
In essence, the amended complaint alleged that after a certain heinous and highly publicized crime had occurred in Orange County, Florida, the defendant-sheriff, acting maliciously and without any warrant or other authority of law, and without any reasonable ground to believe that appellant was in any manner associated with said crime (or any other), seized appellant and imprisoned him in the County Jail where he was thereafter held incommunicado *39 for a period of approximately four hours, during which period of time he was subjected to threats, abuse and certain described indignities, and thereafter released without having been charged with any crime or offense, all to appellant's pain and anguish in mind and body, etc. These allegations, if true, are sufficient to support an action for false arrest and false imprisonment. Dodson v. Solomon, 1938, 134 Fla. 284, 183 So. 825; Johnson v. Weiner, Fla. 1944, 155 Fla. 169, 19 So.2d 699; Seaboard Oil Co. v. Cunningham, 5 Cir.1931, 51 F.2d 321, cert. den. 284 U.S. 657, 52 S.Ct. 35, 76 L.Ed. 557.
In a separate count of the amended complaint, appellant alleged that after he had been arrested and imprisoned as aforesaid, the defendant-sheriff did willfully, falsely, and maliciously give a tape recorded interview with certain television stations located in Orange County, Florida, concerning appellant's arrest and imprisonment in connection with the aforesaid crime, knowing that the statements made in the interview would be broadcast and circulated over radio and television stations in the Orange County area, all to appellant's great injury and damage, etc. Because it appeared from the face of the pleading that the alleged statements made by the defendant-sheriff were absolutely privileged, appellant had no cause of action for defamation. Hauser v. Urchisin, Fla. 1970, 231 So.2d 6.
The judgment in favor of appellee-Starr is reversed and this cause remanded for further proceedings consistent herewith; the judgment in favor of the remaining appellees is affirmed.
Affirmed in part, reversed in part and remanded for further proceedings.
REED, C.J., and SILVERTOOTH, LYNN N., Associate Judge, concur.