BARKDULL, Chief Judge.
Plaintiff, Patricia E. Freedman, appeals from a directed verdict for the defendant, Transworld Airlines, Inc.
Patricia E. Freedman (a/k/a Deering) decided to fly to Washington, D.C., and take along four of her dogs. She paid extra and flew by way of St. Louis just to have the right to take some of the dogs into the passenger compartment. At Miami International Airport, two of the dogs were put in the baggage compartment and two were taken on board by Patricia. In fact, TWA regulations allow only one dog in tourist and one in first class. When the plane made a stop at Tampa, TWA personnel attempted to persuade Patricia (who was flying tourist) to allow one of the dogs to be transferred from the passenger compartment to the baggage compartment. *374 Patricia adamantly refused. The pilot of the plane begged her to at least sit in the front row of the tourist section with one dog and allow the other to be placed just across the boundary in the first class section. Patricia said that would be “committing murder”. She told the pilot her dogs “had never been separated in all their lives, and to separate the two dogs now one would surely die of a broken heart before they got to St. Louis”. Meanwhile 80 to 100 angry passengers were being held up from boarding the plane. Finally, Patricia. became hysterical and started screaming: “I will violate regulations and I am not going to get off this airplane”. A volley of profanity followed. A customs agent was summoned to remedy the situation. When he was unable to do so, he called U.S. Marshals and Patricia, cursing and kicking the marshals, was removed from the plane. She screamed over and over: “You goddamned sons of bitches, I am going to sue you.” After being booked for disturbing the peace, she was put on an • Eastern Air Lines flight by TWA, and proceeded on her way to Washington. The Tampa charge was dismissed.
Patricia sued TWA for false arrest, false imprisonment, etc. After hearing the evidence, the trial judge said: “I find no evidence on which I can let this go to the jury.” He granted a motion for directed verdict and entered judgment for TWA. The appellant contends there was sufficient evidence to go to the jury on theories of assault, battery, false arrest, false imprisonment, and malicious prosecution; that the trial judge made unfair comments in eighteen separate instances. The appellant also contends that the trial judge refused a request to let the case go to the jury and then rule n.o.v. if necessary, and that this court should establish a new principle of law that the trial judge must let it go to the jury in this situation. The appellant also contends it was error to award costs against her.
We affirm under the best view of the evidence and reasonable inferences therefrom most favorable to the appellant, which is the posture we must take the record in reviewing an order granting a directed verdict. Wolk v. Lamar Life Insurance Company, Fla.App.1967, 202 So.2d 617; Courtney v. American Oil Company, Fla.App. 1968, 220 So.2d 675; Clemente v. Tundidor, Fla.App.1973, 284 So.2d 31. Even if the captain of the airplane had indicated he wanted her removed, this verbal assault alone was not actionable. Gelhaus v. Eastern Air Lines, Inc., 5th Cir. 1952, 194 F.2d 774 ; 3 Fla.Jur., Assault and Battery, § 5; 6 Am.Jur.2d, Assault and Battery, § 112. And, the reporting of the incident to the proper authorities was not actionable. Florida East Coast R. Co. v. Groves, 55 Fla. 436, 40 So. 294; Mitchell v. Time Finance Service, Inc., Fla.App. 1958, 102 So,2d 733. The fact that the proper law enforcement officials, in furtherance of their responsibilities, removed her because of actions committed in their presence [which actions constituted a breach of the peace] this did not constitute an actionable charge against the carrier. South Florida R. Co. v. Rhoads, 25 Fla. 40, 5 So. 633; Campe v. Silas, 113 Fla. 323, 151 So. 706; S. H. Kress and Co. v. Powell, 132 Fla. 471, 180 So. 757; City of Miami v. Albro, Fla.App.1960, 120 So.2d 23; Freedman v. Crabro Motors, Inc., Fla.App. 1967, 199 So.2d 745; Williams v. Trans World Airlines, Inc., S.D.N.Y.1974, 369 F.Supp. 797; Gregory v. Chicago & N.W. Ry. Co., 100 Iowa 345, 69 N.W. 532.
Therefore, the final judgment here under review be and the same is hereby affirmed.
Affirmed.