**Robert John POKORNY, Howard E. Shuping and Mary Shuping, his wife, Plaintiffs-Appellants,**

v.

**FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF LARGO, FLORIDA, and Fireman's Fund Insurance Company, Defendants-Appellees.**

**No. 76–3001**
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Nov. 23, 1977.

---

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

John L. McFadyen, St. Petersburg, Fla., for plaintiffs-appellants.

Thomas T. Steele, Tampa, Fla., for 1st Fed. Savings, etc.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM:

This appeal presents important issues of Florida law which we believe are particularly appropriate for resolution by the Supreme Court of Florida. We defer decision in the cause and certify the issues to the Supreme Court of Florida.

■ Following our practice, we requested that the parties submit a proposed agreed statement of the case and certificate of issues for decision. *See West v. Caterpillar Tractor Co., Inc.*, 504 F.2d 967 (5th Cir. 1974). The parties have agreed on the statement of the case and the issues to be certified.

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF FLORIDA PURSUANT TO RULE 4.61 OF THE FLORIDA APPELLATE RULES.

TO THE SUPREME COURT OF FLORIDA AND THE HONORABLE JUSTICES THEREOF:

It appears to the United States Court of Appeals for the Fifth Circuit that the above-styled case in this Court involves a question or proposition of the law of the State of Florida which is determinative of the cause, and there appear to be no clear, controlling precedents in the decisions of the appellate courts of the State of Florida. This Court certifies the following questions of law to the Supreme Court of Florida for instructions concerning said question of law, based on the facts recited therein, such case being an appeal from the United States District Court for the Middle District of Florida.

1. *Style Of The Case*

The style of the case in which this certificate is made is Robert John Pokorny, Howard E. Shuping, and Mary Shuping, plaintiffs-appellants, versus First Federal Sav-

ings and Loan Association of Largo, Florida, and Fireman's Fund Insurance Co., defendants-appellees, Case No. 76–3001, United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Middle District of Florida.

## 2. *Statement Of Facts*

Robert John Pokorny, a deaf mute who was visiting Florida with another deaf mute friend, Howard Shuping, and who had been driven to the offices of First Federal Savings & Loan Association of Largo, Florida, by Shuping, allegedly for the purpose of obtaining a coin bag, entered First Federal's offices on March 13, 1973, and handed the teller a note which stated: *"Please give me zipper bag"*. Upon receiving the note, the teller informed Pokorny that the savings and loan company had no zipper bags but that a commercial bank across the street had such bags. Pokorny then leaned toward her and put his hand on his ear, and the teller repeated in a louder voice that First Federal did not carry zipper bags but that he could obtain them from the commercial bank across the street. Pokorny then pointed to the note again, "hard". She again told him that First Federal had no zipper bags. Then Pokorny pointed toward the cash drawer. She looked at him and opened the cash drawer and looked back at him. He then pointed at the cash drawer again, and she "knew" it was a robbery.

Having decided that a robbery was in progress, the teller closed the cash drawer and decided to get some sort of bag to put the money in to give to Pokorny. She attempted to explain to him, "about three times", that she had to leave her window to get a bag, but he "kept pointing at the note again". She then left the window to obtain a bag and, as she left the window, she noticed that she was being watched intently by him. While kneeling at the cabinet to obtain the bag, she informed a co-worker that she thought she was being robbed. She returned to the window with a bag which had a lock on it, and she attempted to

explain the problem to him, she then pressed a silent alarm, secured another bag, and returned to the window.

Upon returning to the window, the teller placed the bag on the counter-top and Pokorny then pulled back the note and wrote on it, *"I will bring $2,500.00 of coin"*. She then told him that First Federal would be happy to take any coins that he brought, but Pokorny continued to stand at the window, pointing at the note and turning from side to side in a nervous-like manner. The teller told Pokorny several times that she did not understand what he wanted and, after several minutes, she saw a customer approach and decided to take action to avert having a bystander involved in a possibly dangerous situation. She opened the drawer and reached for the money bag, but Pokorny took the bag and walked away at a rapid pace. No weapon was ever displayed to the teller, although she testified that Pokorny kept one hand in his pants pocket most of the time.

Immediately after the incident with the teller, the F.B.I. was telephoned by First Federal and informed that an attempted robbery had taken place. Pokorny and Shuping were subsequently apprehended by two F.B.I. agents. They were hand-cuffed and were then transported to Tampa where they were detained for approximately one hour and then released. No charges were filed against them by either state or federal authorities.

Pokorny, Shuping, and Shuping's wife sued First Federal and its liability insurer for causing the arrest of Pokorny and Shuping, alleging that the actions of First Federal's employees had been "negligent, reckless or intentional misconduct." First Federal denied the material allegations, and the case was tried before a jury. Over the plaintiffs' objection, the jury was instructed that First Federal was not to be found liable if its teller had, in the light of the facts available to her at the time of the incident, acted reasonably in believing Mr. Pokorny was attempting to rob First Federal. The jury returned a defense verdict, and the plaintiffs appealed.

3. *Questions For The Supreme Court Of Florida*

1. Did the actions of the employees of the defendant, First Federal Savings and Loan Association of Largo, Florida, constitute "direct procurement" of an arrest under the teachings of *Johnson v. Weiner*, 19 So.2d 699 (Fla.1944), and its progeny?

2. Do the rules governing arrest and imprisonment by private citizens apply in this case?

3. If the rules governing arrest and imprisonment by private citizens are to apply in this case, is First Federal automatically liable in tort if, in fact, the plaintiffs did not commit a crime?

4. If the rules governing arrest and imprisonment by private citizens are to apply in this case, is First Federal automatically liable in tort if the plaintiffs demonstrate to the jury's satisfaction that no crime in fact occurred?

5. If in fact no crime had been committed, was the reasonableness of the conduct of the employees of First Federal material to a determination of liability? Put another way, is a private citizen, who in good faith and with probable cause believes a felony to have been committed by an identifiable person, nevertheless liable in tort for procuring the arrest of that person if a jury subsequently determines that no crime had been in fact committed?