353 So.2d 922 (1978)
COBB's AUTO SALES, INC., Appellant,
v.
MELVIN COLEMAN, As Sheriff of and for Orange County, Florida, the Sentinel Star Company, the Outlet Company d/b/a WDBO Channel 6, Central Nine Corporation, Florida Heartland Television, Inc., All Florida Corporations Operating As a Joint Venture Known As, Channel Nine of Orlando, Cowles Florida Broadcasting, Inc. d/b/a WESH-TV, Nbc Channel 2, and the City of Orlando, a Municipal Corporation, Appellees.
No. 76-2655.
District Court of Appeal of Florida, Fourth District.
January 4, 1978.
*923 J. Russell Hornsby, Law Offices of J. Russell Hornsby, P.A., Orlando, for appellant.
Chris W. Altenbernd of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellee Melvin Coleman.
ANSTEAD, Judge.
This is an appeal from the dismissal of a defamation action brought by the appellant, Cobb's Auto Sales, Inc., against the appellee, Melvin Coleman. The issue is whether Florida Statute 768.28 relating to the waiver of sovereign immunity in tort cases affects the defense of privilege successfully asserted by the sheriff in the trial court.
As an executive officer the sheriff enjoys an absolute privilege as to any statements he makes incidental to his official duties. Hauser v. Urchisin, 231 So.2d 6 (Fla. 1970); McNayr v. Kelly, 184 So.2d 428 (Fla. 1966); Knight v. Starr, 275 So.2d 37 (Fla. 4th DCA 1973). The defense of privilege is a separate and distinct concept from sovereign immunity, the abrogation of which appellant relies on here to avoid the defense of privilege. The doctrine of sovereign immunity was a rule laid down by the ruling authority that he, because he was the ruler, could do no wrong and therefore was immune from any charges that he had done wrong. The legislature, by enacting Section 768.28, decided this common law doctrine should be removed from the law of Florida.
On the other hand the defense of absolute privilege is based on consideration of the public interest:
The public interest requires that statements made by officials of all branches of government in connection with their official duties be absolutely privileged. Under our democratic system the stewardship of public officials is daily observed by the public. It is necessary that free and open explanations of their actions be made.[1]
There is nothing in Section 768.28 to indicate that the legislature intended to take away the defense of absolute privilege. In fact, sheriffs were less affected than others by the passage of the statute because they had no sovereign immunity. Holland v. Mayes, 155 Fla. 129, 19 So.2d 709 (1944).
Accordingly, the judgment of the trial court is AFFIRMED.
ALDERMAN, C.J., and CROSS, J., concur.
NOTES
[1] Hauser v. Urchisin, 231 So.2d 6, 8 (Fla. 1970).