**HARRIS v. STACK, Sheriff, et al.**
No. 78-5140.
Circuit Court, Broward County.
December 20, 1978.

Peter D. Lent, Fort Lauderdale, for the plaintiff.

David T. Price, Fort Lauderdale, for the defendant sheriff.

STEPHEN R. BOOHER, Circuit Judge.

This cause came on for consideration on the motion to dismiss and motion to strike filed by defendants Edward J. Stack, Broward County Sheriff, et al., and the court having considered the same, together with the arguments and authorities of counsel, and based upon its own research and being otherwise fully advised, it is ordered and adjudged as follows —

1. The motion to dismiss the plaintiff's complaint for the failure to allege compliance with Section 768.28, Florida Statutes, and the filing of a notice of claim pursuant thereto, is denied. Section 768.28 does not apply to or cover the office of sheriff or his deputies. Historically, a sheriff in Florida has not enjoyed the privilege of sovereign immunity. A sheriff is civilly liable for the acts or omissions of his deputies done "virtue oficii" — that is, within the scope of their legal authority and by virtue of their office. *Malone v. Howell*, 140 Fla. 693, 192 So. 224, 226-227 (1939); *Holland v. Mayes*, 155 Fla. 129, 19 So.2d 709 (1944). While the office of sheriff has been defined as an "agency" within the definition of "public employer" under Chapter 447, Part II, *Murphy v. Mack*, 358 So.2d 822, 824 (Fla. 1978), this does not mean that the office has been recognized as clothed with sovereign immunity. To the contrary, it has been recently recognized that Section 768.28 affects sheriffs less than governmental officials "because [prior to its enactment] they had no sovereign immunity." *Cobb's Auto Sales, Inc. v. Coleman, Sheriff*, 353 So.2d 922, 923 (Fla. 4th DCA 1978).

The statute cited, therefore, cannot waive an immunity which never existed prior to its enactment.

2. The motion to dismiss for failure to name certain "unknown deputies" in the caption is denied because they are not parties to this action. Rule 1.100(c) of the Florida Rules of Civil Procedure requires the appropriate indication of all parties in the caption of a complaint; those not indicated are not parties. Since the "unknown deputies" are not so named, they are not parties and all prayers for relief against them should be stricken from the complaint. For such purpose, the motion to dismiss is considered as a motion to strike, and the references to "unknown deputies" and to "detention officers" as "defendant" or "defendants," with the exception of named-defendant Strelecki, are hereby stricken from paragraph 8 of the prefatory allegations; from paragraphs 12, 13, 14, 15, 18, 19, 21, 22, 23 and 24 (by implication), and the prayer of Count I; and from paragraphs 25 (by incorporation), and 26, and the prayer of Count II.

3. The motion to dismiss Edward J. Stack individually is granted. The only allegations against him are in his official capacity.

4. The motion to dismiss Vincent A. Miro individually is likewise granted for the same reasons stated in paragraph 3 hereof.

5. The motion to dismiss the claim for punitive damages, insofar as it is based on the provisions of Section 768.28(5), Florida Statutes, is denied, the court having found such statute inapplicable to sheriffs and, perforce, their sworn deputies. The court pretermits, however, consideration of any other grounds for striking such claim, the same not having been presented by appropriate motion.

6. The motion to strike Count III of the complaint is granted, the court finding that the same is redundant, pursuant to Rule 1.140 (f), Florida Rules of Civil Procedure.

7. The plaintiff is given 20 days from the date hereof to amend his pleadings hereby dismissed or stricken, if he be so advised.

8. The defendants remaining (but not including the Broward County commissioners, defaulted defendants and defendants who have already filed answers) are given 40 days to answer or otherwise plead to the complaint as it now is or as the same may be amended pursuant to paragraph 7 hereof.