623 F.2d 346
 Robert John POKORNY, Howard E. Shuping and Mary Shuping, his
wife, Plaintiffs-Appellants,
v.
FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF LARGO, FLORIDA
and Fireman's Fund Insurance Company, Defendants-Appellees.
 No. 76-3001
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Aug. 6, 1980.
 John A. Lloyd, Jr., St. Petersburg, Fla., for plaintiffs-appellants.
 Thomas T. Steele, Tampa, Fla., for defendants-appellees.
 Appeal from the United States District Court for the Middle District of Florida.
 Before GOLDBERG, CHARLES CLARK and FAY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert Pokorny, Howard Shuping, and Shuping's wife brought this action against First Federal Savings and Loan Association of Largo (First Federal) and its insurer, Fireman's Fund Insurance Co., alleging that negligent, reckless, or intentional misconduct on the part of employees of First Federal had caused Federal Bureau of Investigation agents to arrest Pokorny and Shuping on charges of attempted bank robbery. Following a trial on the merits the jury rendered a verdict in favor of the defendant bank and its insurer. On this appeal Pokorny and the Shupings contend the district court erroneously denied them summary judgment against the bank, which they argue was liable as a matter of law for the actions of its employees in instigating the arrest of Pokorny and Shuping by reporting an attempted bank robbery when they lacked probable cause to believe that such an attempt had occurred.
 
 
 2
 In Pokorny v. First Federal Savings & Loan Association of Largo, 563 F.2d 763 (5th Cir. 1977), we certified to the Supreme Court of Florida the questions whether the bank's employees had directly procured the plaintiffs' arrest so as to be liable under Johnson v. Weiner, 155 Fla. 169, 19 So.2d 699 (1944), and whether the rules governing arrest and imprisonment by private citizens applied to this action. The Florida Supreme Court answered both questions in the negative. Pokorny v. First Federal Savings & Loan Association of Largo, 382 So.2d 678 (Fla.1980). Based upon the Florida Court's ruling, we affirm the district court's denial of summary judgment to the plaintiffs.
 
 
 3
 AFFIRMED.
 
 
 
 *
 Fed.R.App.P. 34(a); 5th Cir. R. 18