393 So.2d 1173 (1981)
William A. FREEMAN, Jr., Appellant,
v.
Joseph A. VALDEZ, Jr., and Jeffrey Berman et al., Appellees.
Nos. 80-768, 80-769.
District Court of Appeal of Florida, Third District.
February 10, 1981.
Madigan, Parker, Gatlin, Swedmark & Skelding, Tallahassee, for appellant.
Edward Worton, Key West, for appellees.
Before HENDRY, NESBITT and BASKIN, JJ.
PER CURIAM.
These consolidated appeals are from orders of the Circuit Court for Monroe County denying appellant's motion for attorneys fees pursuant to Section 57.105, Florida Statutes (Supp. 1978).
Appellant contends that there was no justiciable issue of fact or law presented to the court by the appellees' complaints, which were dismissed; he argues, therefore, that trial court abused its discretion in refusing to award appellant attorney's fees in accordance with the provisions of Section 57.105, Florida Statutes (Supp. 1978).
We have considered appellant's contention in the light of the record and briefs and have concluded that no reversible error has been demonstrated. Accordingly, the orders appealed are affirmed.
Affirmed.
NESBITT, Judge (dissenting):
I dissent. I would reverse and remand with directions to the trial court to assess a fee in favor of the defendant.
Berman and Valdez brought an action against the Sheriff of Monroe County for defamation. The complaint and exhibits showed that the alleged defamatory statements were published by the sheriff in the discharge of his official duties. It is settled in this jurisdiction that an executive officer such as Sheriff Freeman enjoys an absolute privilege as to any statements made in relation to his official duties. Hauser v. Urchisin, 231 So.2d 6 (Fla. 1970); McNayr v. Kelly, 184 So.2d 428 (Fla. 1966); Danford v. City of Rockledge, 387 So.2d 967 (Fla. 5th *1174 DCA 1980); Cobb's Auto Sales, Inc. v. Coleman, 353 So.2d 922 (Fla. 4th DCA 1978); and Knight v. Starr, 275 So.2d 37 (Fla 4th DCA 1973). In granting the defendant-sheriff's motion to dismiss, the trial court found:
[I]t is clear from the face of the Complaint and all exhibits attached thereto that any remarks made by the Defendant Freeman herein were made in his official capacity as Sheriff of Monroe County and in connection with the discharge of his official duties in that regard. It is clear, therefore, that even if such remarks were in fact defamatory, the Defendant Freeman enjoys an absolute privilege and is immune from liability for such remarks. [emphasis supplied] [citations omitted]
Upon dismissal of the complaint, the sheriff presented a motion to assess attorney's fees pursuant to Section 57.105, Florida Statutes (1979)[1] which was denied without any findings of fact or assignment of reasons. In this case, the trial judge's order dismissing the action shows on its face that there was neither a justiciable issue of law or fact. Under the statute, there is no exception made for governmental entities. City of Miami Beach v. Town of Bay Harbor Islands, 380 So.2d 1112 (Fla. 3d DCA 1980).
In denying the motion for attorney's fees pursuant to Section 57.105, supra, the trial court is not required to make any finding. In this case, the finding that there was a justiciable issue in the underlying dispute could not be supported by the record because the order of dismissal of the action shows on its face that there was no justiciable issue. It is clearly the rule that the court may not make a finding which is not supported by the record. Hill v. Parks, 373 So.2d 376 (Fla. 2d DCA 1979); Leonard v. Leonard, 259 So.2d 529 (Fla. 3d DCA 1972); Heath v. First National Bank in Milton, 213 So.2d 883 (Fla. 1st DCA 1968).
Normally, the foundation facts to support an award of attorney's fees under Section 57.105, supra, will arise from the reason the action was terminated. The termination of an action alone will not support the award of attorney's fees under Section 57.105, supra. Hernandez v. Leiva, 391 So.2d 292 (Fla. 3d DCA 1980); Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA 1980). However, when an action is terminated by an order which shows that there is no justiciable issue, the trial court has only limited discretion in the denial of attorney's fees pursuant to the statute. Had the plaintiff attempted in the instant case to assert, as a basis for the maintenance of an action, a position based on federal, organic, or statutory law (notwithstanding the clarity of Florida decisional law), the trial court would nonetheless be entitled to deny attorney's fees. The purpose of the statute is not to have a chilling effect upon litigation. It is to prevent frivolous litigation. Hernandez v. Leiva, supra; Allen v. Estate of Dutton, supra. When an action or defense is non-justiciable to the point of frivolity and there is not some useful purpose to be served as, for example, the testing of a new theory, Section 57.105, supra, mandates that the trial court "shall" award attorney's fees.
NOTES
[1] 57.105 Attorney's fee.  The court shall award a reasonable attorney's fee to the prevailing party in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party. [emphasis supplied]