419 So.2d 388 (1982)
Errol G. TUBELL, Emile J. Tubell and Virginia Tubell, Appellants,
v.
DADE COUNTY PUBLIC SCHOOLS, Appellee.
No. 81-2309.
District Court of Appeal of Florida, Third District.
September 14, 1982.
*389 Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern and Louise H. McMurray and Susan J. Cole, Miami, for appellants.
Peters, Pickle, Flynn, Niemoeller, Stieglitz & Downs and Stephen Stieglitz, Miami, for appellee.
Before BARKDULL, HENDRY and BASKIN, JJ.
PER CURIAM.
Should a cause of action for "educational malpractice" be recognized in the State of Florida? The trial court answered this in the negative by entering a final summary judgment adverse to the plaintiff-appellants herein. We agree and affirm.
The basis of the plaintiff's complaint[1] was a mistesting and misclassification resulting in the minor plaintiff being placed in an improper special educational program for a number of years to his detriment. We hold that even if these allegations are correct there is no cause of action stated. D.S.W. v. Fairbanks North Star Borough School District, 628 P.2d 554 (Alaska 1981); Smith v. Alameda County Social Services, 90 Cal. App.3d 929, 153 Cal. Rptr. 712 (1979); Peter W. v. San Francisco Unified School District, 60 Cal. App.3d 814, 131 Cal. Rptr. 854 (1976); Hunter v. Board of Education of Montgomery County, 292 Md. 481, 439 A.2d 582 (1982); Hoffman v. Board of Education of the City of New York, 49 N.Y.2d 121, 424 N.Y.S. 376, 400 N.E.2d 317 (1979); Helm v. Professional Childrens' School, 103 Misc.2d 1053, 431 N.Y.S. 246 (1980); Donohue v. Copiague Union Free School District, 47 N.Y.2d 440, 418 N.Y.S.2d 375, 391 N.E.2d 1352 (1979).
The appellants urge that the enactment of Section 768.28 of Florida Statute, (1975), which is the waiver of sovereign immunity statute, in effect permits such an action. We disagree.[2]Zorick v. Tynes, 372 So.2d 133 (Fla. 1st DCA 1979); Johnson v. Weiner, 155 Fla. 169, 19 So.2d 699 (1944); Dodson v. Solomon, 134 Fla. 284, 183 So. 825 (1938); Miener v. State of Missouri, 498 F. Supp. 949 (E.D.Mo. 1980); Loughran v. Flanders, 470 F. Supp. 110 (D.C.Conn. 1979).
Therefore the summary judgment here under review be and the same is hereby affirmed.
NOTES
[1] While the plaintiff's complaint alleged, in separate counts, causes of action for negligence, false imprisonment, violation of civil rights and equal protection, and violation of state constitutional rights to enjoy and defend life and liberty, to pursue happiness and be rewarded for industry, and denial of due process, the underlying facts pleaded to support each count were, in fact, those that would support a claim for "educational malpractice", regardless of the nomenclature.
[2] Generally the addition of a waiver of immunity statute cannot create a cause of action. Airport Sign Corporation v. Dade County, 400 So.2d 828 (Fla.3d DCA 1981); e.g., Welsh v. Metropolitan Dade County, 366 So.2d 518 (Fla. 3d DCA 1979). Moreover, if there was cause of action for "educational malpractice" in the State of Florida the sovereign immunity defense would still be available under the facts in the instant case because the alleged negligent action was not of the type of conduct that gives rise to a valid cause of action against a public agency. Commercial Carrier Corporation v. Indian River County, 371 So.2d 1010 (Fla. 1979); Ellmer v. City of St. Petersburg, 378 So.2d 825 (Fla.2d DCA 1979).