PER CURIAM.
The appellant, Olga Granville, was defendant and counter-claimant in the circuit court. The appellee, Capital Bank, brought suit against Olga Granville and her husband, Paul Granville, because of an overdraft of some $18,000.00. Olga Granville counterclaimed for alleged slander, trespass and false imprisonment. The court dismissed on the pleadings the false imprisonment count of the counterclaim. The counterclaim for slander and trespass was tried before a jury and resulted in a verdict and the entry of final judgment for the counter-defendant bank. On the same date, the court entered its order on motions for partial summary judgment, granting the bank’s motion for summary judgment against both defendants upon the overdraft. This order was subsequently finalized by entry of final judgment for the plaintiff bank and against Olga Granville and Paul Granville upon the overdraft.[1]
Olga’s notice of appeal was directed to: (1) the order granting summary judgment and not yet reduced to final judgment, (2) the final judgment for the counter-defendant bank on the counterclaim (rehearing motions having been denied as to the foregoing), and (3) two previous orders (a) granting the bank’s motion to dismiss the false imprisonment count of the counterclaim and (b) directing that the bank’s requests for admissions from Olga be deemed admitted.
One of appellant’s contentions is that the summary judgment entered in favor of the bank upon the overdraft was in error. The appellee argues that this issue is not properly presented for appeal because Olga Granville stated in her notice of appeal only that she was appealing from a (non-final) order granting summary judgment. However, the record is clear that at the time of filing of appellant’s notice of appeal the final summary judgment for plaintiff/bank had in fact been rendered, having been filed with the clerk of the circuit court less than one hour previous to the filing of the notice of appeal. The defect in the notice’s reference to the summary judgment order as non-final was non-jurisdictional and non-prejudicial, see Puga v. Suave Shoe Corp., 417 So.2d 678 (Fla. 3d DCA 1982) (en banc), and thus, this court may properly review the summary judgment. See Rule 9.110(h), Fla.R.App.P.
On the merits, we conclude that the trial court was correct in entering summary judgment for the bank. It is undisputed that Olga Granville was a signator to the bank account in question and that she personally signed the checks constituting the overdraft and cashed them by indicating her unqualified endorsement on the back of each check. Thus, Olga Granville’s liability upon the checks was established as a matter of law. Betz v. Bank of Miami Beach, 95 So.2d 891 (Fla.1957); I.W. Phillips & Co. v. Hall, 99 Fla. 1206, 128 So. 635 (1930); First State Bank of Miami v. Eisdorfer, 399 So.2d 414 (Fla. 3d DCA 1981); New York Financial, Inc. v. J & W Holding Co., Inc., 396 So.2d 802 (Fla. 3d DCA 1981); Schwartz v. Disneyland Vista Records, 383 So.2d 1117 (Fla. 4th DCA), pet. for rev. denied, 392 So.2d 1378 (Fla.1980); sections 673.403(2) and 673.414(1), Florida Statutes (1983). Additionally, the trial court correctly rejected Olga’s argu *962 ment that she was acting merely as an agent, since the principal for whom she professed to act was an unincorporated association with no separate legal existence, I.W. Phillips & Co. v. Hall, supra; 2 Fla. Jur.2d Agency and Employment § 81 (1977).
Appellant also argues that as counter-plaintiff, she was prejudiced because the jury was told of the bank’s judgment upon the claim for the overdraft. Under the circumstances of this case where the counter-plaintiff sought to establish that she was slandered by untrue statements of her indebtedness to the bank, the determination that the money was in fact due the bank was relevant.
The additional points raised on appeal do not present error for the following reasons: (1) the counterclaim did not plead the elements of a cause of action for false imprisonment, Johnson v. Weiner, 155 Fla. 169, 19 So.2d 699 (1944); Dodson v. Solomon, 134 Fla. 284, 183 So. 825 (1938); Johnson v. A. & A. Supermarkets, Inc., 14 Fla.Supp. 71 (Fla.4th Cir.Ct.1959); Restatement (Second) of Torts §§ 35, 36 (1965); and (2) the trial court did not abuse its discretion in refusing to allow the filing of responses to requests for admissions which were tendered several months late and after an order had been entered ruling the requests were admitted.
Accordingly, the judgments appealed are affirmed.
Affirmed.

. This final judgment is the subject of a separate appeal by Paul Granville, Case No. 83-1154. The appeals were consolidated for purposes of the record only, by order of this court.