Timothy H. GILBERT, Plaintiff,

v.

**SEARS, ROEBUCK AND COMPANY,**
a New York corporation, and the
City of Tampa, Defendants.

No. 93–479–CIV–T–17.

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 11, 1995.

Keith F. Roberts, Law Office of Keith F.
Roberts, Tampa, FL, for plaintiff.

Thomas John Roehn, Michele Renee Hud-
sick, Lawrence Phillip Ingram, Annis, Mitch-
ell, Cockey, Edwards & Roehn, P.A., Tampa,
FL, for Sears, Roebuck & Co.

**598**

Michael K. Houtz, Harris, Barrett, Mann & Dew, St. Petersburg, FL, for Rouse Co.

Peter Michael Walsh, City Attorney's Office, City of Tampa, Tampa, FL, for City of Tampa.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This cause is before the Court on the Defendant, Sears, Roebuck and Company's ("Sears") Motion for Summary Judgment and memorandum in support, and Plaintiff's memorandum in response.[1]

Plaintiff alleges pursuant to 42 U.S.C. § 1983 that Sears participated and conspired with the TPD to develop and carry out a "surveillance operation" in the men's bathroom of the Tampa Bay Mall Sears store that (1) allegedly violated Plaintiff's constitutional rights under the Fourth, Fifth, and Fourteenth Amendments of the United States and Florida Constitutions; and (2) allegedly resulted in the false arrest and imprisonment of Plaintiff under Florida law.

## STANDARD OF REVIEW

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. The Miller Brewing Co.,* 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant,* 595 F.2d 994, 996–97 (5th Cir.1979) (quoting *Gross v. Southern Railway Co.,* 414 F.2d 292 (5th Cir.1969)). Factual disputes preclude summary judgment.

The Supreme Court of the United States in *Celotex Corp. v. Catrett,* held the following:

In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who

fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273 (1986).

The Court also said, "Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274.

## FACTS

Sears had a problem with homosexual activity occurring in its men's bathroom in the Tampa Bay Mall Sears store. Sears' management first received customer complaints concerning this problem in late 1990, several months prior to Tampa Police Department's ("TPD") operation that led to Plaintiff's arrest. Before informing TPD of the illegal activity, Sears attempted to deter the activity themselves. When the problem persisted, Sears informed the TPD that illegal activity was occurring in the men's bathroom at its Tampa Bay Mall store. As a result, the police decided to conduct a surveillance, and Sears granted the police access to the business premises.

On or about July 17, 1991, at approximately 3:00 p.m., Plaintiff visited Sears' department store at the Tampa Bay Center Mall to purchase replacement blades for his lawn edger. Upon entering Sears, Plaintiff proceeded directly to the store's hardware department where he selected and purchased the lawn edger parts that he needed. After completing his purchase, Plaintiff proceeded to a bathroom facility located on the premises of the Sears store. A police officer surveying the men's bathroom from the ceiling and a police officer located in the bathroom observed Plaintiff. The police arrested Plaintiff and charged him with exposure of sexual organs pursuant to Section 800.03, *Florida Statutes.*

1. Sears filed a supplement to its motion for summary judgment. This Court took the supplemented information into consideration in reaching its determination.

## DISCUSSION

■ Plaintiff must prove two elements to prevail upon his § 1983 claim. First, Plaintiff must prove that Defendant deprived him of a right "secured by the constitution and the laws" of the United States. Second, Plaintiff must establish that Defendant acted "under color of any statute, ordinance, regulation, custom or usage, of any state." *See* 42 U.S.C. § 1983. "Private persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of the statute." *United States v. Price,* 383 U.S. 787, 794, 86 S.Ct. 1152, 1157, 16 L.Ed.2d 267 (1966).[2] In a § 1983 action against a private party, Plaintiff is entitled to relief if he proves the private party was "a willful participant in joint activity with the State or its agents," and the activity deprived Plaintiff of a constitutional right. *Id.*

■ Sears argues that it did not actively participate in joint activity with the TPD's surveillance operation, nor did it participate in the arrest of Plaintiff, or directly or indirectly procure the arrest of Plaintiff. Sears claims it is not liable for Plaintiff's allegations and that it is entitled to summary judgment on all counts in Sears' favor against Plaintiff. Sears relies on *Benavidez v. Gunnell,* where the court held that the mere reporting of a crime to police officers does not constitute "joint action under color of state law" which renders a private person liable under § 1983 claim. *Benavidez v. Gunnell,* 722 F.2d 615, 618 (10th Cir.1983). Sears also relies on *Daniel v. Ferguson,* where the court held that '[a] private party does not act under color of state law when she merely elicits but does not join in an exercise of official state authority.' *Daniel v. Ferguson,* 839 F.2d 1124, 1130 (5th Cir.1988) (quoting *Auster Oil & Gas, Inc. v. Stream,* 764 F.2d 381, 388 (5th Cir.1985)).

According to deposition testimony, Sears did not merely inform or elicit help from the police. Sears allowed the TPD access to its premises. TPD routinely checked in with Sears' security office when arriving on duty. Additionally, Sears provided the TPD with the use of Sears' security office for making arrests and filling out paperwork. Furthermore, Sears provided TPD with use of security equipment, including a video camera that showed a view of the hallway leading to the men's bathroom in the Tampa Bay Mall Sears' store. Moreover, the TPD and Sears jointly decided to post a sign in the bathroom advising customers that police are surveying the bathroom. Sears determined the wording of the sign and produced the sign in-house. In addition, Sears created a file containing information on each of the persons arrested.

Plaintiff contends that although the police officers' acts most directly violated Plaintiff's constitutional rights, the program that this law enforcement operation was "plugged into" and made part of, was, from beginning to end, that of Sears. In other words, TPD's operation was a tool utilized by Sears to achieve its own goals.

This Court finds that a genuine issue of material fact exists as to whether Sears acted jointly with the TPD. Accordingly, the Court denies Sears' Motion for Summary Judgment on Count I, violation of 42 U.S.C. § 1983.

### False Arrest/Imprisonment

■ "All those who, by direct act or indirect procurement, personally participate in or proximately cause the false imprisonment and unlawful detention are liable therefor." *Johnson v. Weiner,* 155 Fla. 169, 19 So.2d 699, 701 (1944). As stated above, there is a genuine issue of material fact as to whether Sears' actions rise to the level of acting in concert with the police. Since this genuine issue of material fact exists, this Court cannot find, as a matter of law, that Sears is not liable for False Arrest/Imprisonment. Therefore, Sears' Motion for Summary Judgment on Count II, is also denied.

### Right of Privacy—State Law Claim

■ To prevail upon a state constitutional claim for invasion of his right to priva-

---

**2.** Although *Price* addressed a criminal prosecution under 18 U.S.C. § 242, acting "under color of law" means the same thing for 42 U.S.C. § 1983. *Price,* 383 U.S. at 794 n. 7, 86 S.Ct. at 1157 n. 7.

cy, Plaintiff must prove "governmental intrusion" into his private life. *See* Art. I, § 23, Fla. Const. "A 'governmental intrusion' action is ex hypothesis an action against the government rather than against a private person." *Tucker v. Resha,* 634 So.2d 756, 759 (Fla. 1st DCA 1994). The *Tucker* court held that "the privacy provision of the Florida Constitution obviously creates no cause of action against private persons." *Id.* Thus, Plaintiff has no cause of action against Sears for violation of his right to privacy. Accordingly, Sears' motion for summary judgment on Count III, Right of Privacy, is granted as a matter of law. Accordingly, it is

ORDERED that Sears' Motion for Summary Judgment as to Count I, violation of 42 U.S.C. § 1983, be **denied.**

ORDERED that Sears' Motion for Summary Judgment as to Count II, False Arrest/Imprisonment, be **denied.**

ORDERED that Sears' Motion for Summary Judgment as to Count III, Right of Privacy, be **granted.**

DONE and ORDERED.

