388 So.2d 625 (1980)
Sheilah Kristine HILL, Appellant,
v.
Thomas Jefferson HILL, and A.C. Soud, Jr., Appellees.
No. PP-339.
District Court of Appeal of Florida, First District.
September 25, 1980.
Rehearing Denied October 20, 1980.
John Paul Howard, Jacksonville, for appellant.
William L. Coalson, of Greene & Greene, P.A., and Eugene Loftin, Jacksonville, for appellees.
ROBERT P. SMITH, Jr., Judge.
We affirm the circuit court's summary final judgment for both appellees in *626 this action filed by the then estranged and now divorced wife against her former husband and his lawyer for malicious prosecution and false imprisonment. The lawyer had probable cause for such action as he took in instituting the wife's competency proceeding, and there is no evidence justifying a charge of false imprisonment arising from the same conduct. We note that the trial court still has under consideration a separate claim of abuse of process, arising from a separate incident.
In sustaining the trial court's judgment that appellee Hill is immune from suit for torts allegedly committed by him during his marriage to appellant, we follow the literal holding of Raisen v. Raisen, 379 So.2d 352 (Fla. 1979), though we recognize the distinguishing factors in this case which would seem to deprive interspousal immunity of the justification expressed for it in Raisen. Here the tort allegedly committed by the husband against the wife, malicious prosecution or false imprisonment, is an intentional tort unlike negligence. It is by nature a poor candidate for collusive claims. Here husband and wife were separated and living apart when the tort allegedly was committed, and they never resumed marital life before the marriage was dissolved. Here the actions complained of were by nature far more disruptive of marital harmony than was the suit complaining of them. Here there is no insurer or other third party standing by to pay any judgment. Accordingly, in applying Raisen notwithstanding those factors, we certify to the Supreme Court that our decision passes on a question of great public importance, namely, the existence of interspousal tort immunity in these circumstances.
AFFIRMED.
BOOTH and SHAW, JJ., concur.