PARKER, Judge.
Robert Johnson appeals the trial court’s final order of summary judgment in favor of Walter Heinrich, Sheriff of Hillsborough County, and Heinrich’s deputy sheriff, K.S. *832Nykanen. Johnson brought this action against Heinrich, Nykanen, and other unknown deputy sheriffs and law enforcement personnel of Hillsborough County to recover damages resulting from his detention, arrest, and imprisonment following a routine traffic stop. We affirm the portion of the summary judgment ruling in favor of appellees on Johnson’s claim of false arrest but reverse the granting of summary judgment with respect to the other counts of the complaint.
Johnson’s complaint consisted of five counts. Count I was against Heinrich for unlawful arrest based on section 941.14, Florida Statutes (1987) and the Florida and federal constitutions. Count II was a claim against Heinrich for false arrest and false imprisonment. In count III Johnson claimed negligence by Heinrich in the hiring, training, and supervision of Nykanen and other unknown deputy sheriffs, which resulted in depriving Johnson of his constitutionally guaranteed rights. The last two counts contained allegations pursuant to 42 U.S.C. § 1983 (1976) to the effect that Johnson’s constitutional rights and privileges and immunities guaranteed by the federal constitution had been violated by Nykanen (count IV) and Heinrich (count V).
The appellees filed separate motions for summary judgment directed solely at Johnson’s allegation of false arrest under Count II and the existence of probable cause to defeat that claim. The trial court entered final summary judgment, finding that there was probable cause for the arrest. We agree with that finding but disagree with the entry of summary judgment on all counts, since we conclude that there is at least one material issue of fact in dispute which remains to be decided.
This lawsuit stems from an incident which occurred on February 7, 1985, when Nykanen stopped Johnson for failure to obey a stop sign. Nykanen asked Johnson for a driver’s license, which Johnson failed to produce. Johnson told Nykanen that he had a valid driver’s license but had left it at home. Johnson identified himself to the officer as Robert George Johnson, bom on June 19, 1963, and that his social security number was 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. Nykanen ran a check on Johnson in the National Crime Information Center (NCIC)/Florida Crime Information Center (FCIC) computer by entering Johnson’s name and the other personal data which he had provided. No valid Florida driver’s license was found, but Nykanen received two criminal history “hits” from the NCIC computer. The “hits” indicated that there were two outstanding warrants from Ohio for a Robert F. Johnson, who used an alias of Robert G. Johnson, III, with the same social security number and date of birth as that of appellant Johnson.
Nykanen arrested Johnson on the outstanding Ohio warrants and issued Johnson a citation on the no valid driver’s license charge.1 The officer then transported Johnson to the county jail. Johnson continually maintained that he was not the fugitive wanted in Ohio. Once at the jail, Johnson was booked and placed in a holding cell. Johnson was later fingerprinted at the jail by a technician who determined that the fingerprint classification for Robert George Johnson, III, and the fingerprint classification listed on the NCIC wanted notice initiated by Ohio for Robert Johnson “matched.”
On February 8, 1985, at approximately 10:43 a.m., Ohio dispatched a message to the Hillsborough County Sheriff’s Department indicating that Hillsborough County should remove the hold on Johnson and release him due to the fact that the Ohio authorities could not make a positive identification. Shortly thereafter, the hold from Ohio was withdrawn by the Hillsborough County Sheriff’s Office. Johnson was apparently released on February 10, 1985, three days following his initial detention and over a day and a half after the trans*833mission from Ohio was received.2 Johnson was released after he posted a $100 cash bond on the no valid driver’s license charge. According to Johnson, as a result of his detention, Johnson was fired from his job and suffered other damages.
Based upon the above undisputed evidence which was available to Nykanen at the time of Johnson’s arrest, we conclude that the trial court was correct in finding as a matter of law that Nykanen had probable cause to arrest Johnson on the outstanding capiases, so as to preclude a claim for false arrest. See Lee v. Geiger, 419 So.2d 717 (Fla. 1st DCA 1982), review denied, 429 So.2d 5 (1983). Although we determine that Nykanen had the necessary probable cause initially to arrest Johnson, the record before us presents a factual question regarding the reasonableness as to the length of that detention or imprisonment after the Ohio hold was lifted. When there are disputed and conflicting facts as to whether a suspect was detained for a reasonable length of time, it is for the trier of fact to make that determination. Jefferson Stores, Inc. v. Caudell, 228 So.2d 99 (Fla. 3d DCA 1969). For purposes of summary judgment, we cannot say that as a matter of law the period Johnson was detained following the notification from Ohio to the Hillsborough County jail authorities was reasonable. See Fla.R.Civ.P. 1.510.
For the stated reasons, we affirm the granting of summary judgment for appel-lees as to that portion of count II of the complaint which pertains to Johnson’s claim for false arrest. In all other respects, we reverse the final judgment because there is a genuine issue of fact remaining to be resolved in the case regarding the reasonableness of the detention, which may have an effect upon the other counts of the complaint so as to prevent the entry of summary judgment. We direct the trial court on remand to act in accordance with this decision.
Affirmed in part; reversed in part with directions.
SCHEB, A.C.J., and PATTERSON, J., concur.

. The evidence in the record is in conflict as to the order of the arrest on the Ohio warrants and the issuance of the driver's license citation; however, that conflict does not affect our ability ió find probable cause for Nykanen’s arrest on the capiases based upon the remaining uncontested evidence.

. Although Heinrich and Nykanen in their motions for summary judgment allege Johnson was released from jail on the date the Ohio hold was lifted, there are no attached affidavits or other sworn testimony to support that statement.