802 So.2d 1169 (2001)
The STATE of Florida, Appellant,
v.
Kevin WALKIN, Appellee.
No. 3D01-745.
District Court of Appeal of Florida, Third District.
December 12, 2001.
Rehearing and Certification Denied January 9, 2002.
Robert A. Butterworth, Attorney General, Margaret A. Brenan and Regine Monestime, Assistant Attorneys General, for appellant.
Bennett H. Brummer, Public Defender, and Andrew Stanton, Assistant Public Defender, for appellee.
Before JORGENSON, GODERICH, and SORONDO, JJ.
GODERICH, Judge.
The State appeals from an order granting the defendant's motion to suppress his out-of-court photographic identification. We reverse.
While investigating a purse snatching that occurred in the City of Miami Shores, a Miami Shores detective received a tip that the vehicle that was used in the purse snatching was parked in front of a motel in the City of Miami. After contacting the City of Miami Police Department, the Miami *1170 Shores detective and other Miami Shores police officers proceeded to the motel. In the motel parking lot, they observed a red Nissan pickup truck that matched the description and the license plate number that had been reported by an eyewitness to the purse snatching. The officers kept the truck under surveillance until the defendant and two others got into the truck and started to drive away. The officers in marked cars stopped the truck with guns drawn and ordered the occupants out of the truck. When the officers ran a computer check on each of the three occupants, the officers discovered that the defendant had an unrelated outstanding bench warrant. The officers arrested the defendant on that basis. After arresting the defendant, they transported him to the Miami Shores Police Department where the defendant was photographed. That photo was later used as part of a photographic lineup through which the eyewitness identified the defendant as the purse snatcher. The defendant was charged with robbery and moved to suppress the physical evidence as the product of an illegal search and seizure.
At the hearing on the motion, the State presented the testimony of the Miami Shores police detective and introduced a copy of the Addendum to Joint Declaration to Mutual Aid Agreement executed by several Miami-Dade County municipalities, including the City of Miami Shores and the City of Miami, pursuant to section 23.1225, Florida Statutes (2000). The State argued that the Miami Shores detective was authorized to act within the City of Miami because he was investigating a felony that occurred within the City of Miami Shores. In support thereof, the State referred to that portion of the Addendum to Joint Declaration to Mutual Aid Agreement that states:
Whereas, it is to the mutual benefit of the municipal police agencies listed below and the Miami-Dade Police Department, through voluntary cooperation to exercise concurrent jurisdiction over the areas described in subparagraphs (a) and (b) below, in that the officers while in another jurisdiction, are often present at events where immediate action is necessary, or are able to expeditiously conclude an investigation by identifying and arresting an offender.
* * *
(b) Concurrent law enforcement jurisdiction in and throughout the territorial limits of the municipalities represented by the undersigned agency heads and Miami-Dade County, Florida, ... for arrests, made pursuant to the laws of arrest, of persons identified as a result of investigations of any offense constituting a felony ... when such offense occurred in the municipality employing the arresting officer, should the arresting officer be a municipal law enforcement officer.
In response, the defense argued that the Miami Shores detective acted outside the scope of his jurisdiction and cited the remaining sentence of subparagraph (b):
However, concurrent jurisdiction under this subparagraph does not include authority to make nonconsensual or forcible entries into private dwellings, residences, living spaces or business spaces which are not open to the public, i.e. authority derived pursuant to this subparagraph may be exercised only when in places open to the public or private places into which the arresting officer has entered with the consent of an occupant entitled to give consent.
The trial court considered both arguments and came to the following conclusion:

*1171 The vehicle in question is a private conveyance and the Miami Shores police officers had no probable cause to stop this vehicle. It appears that the Miami Shores police officers exceeded their authority under the mutual aid agreement with the City of Miami by forcibly stopping this vehicle and by detaining the defendant at gunpoint and by taking his photograph without his consent. The photograph is the product of this unlawful detention and is therefore the fruits of an illegal search and seizure.
On this basis, the trial court granted the defendant's motion to suppress his out-of-court photographic identification. The State's appeal follows.
The State contends that the trial court erred by granting the defendant's motion to suppress. We agree.
In the instant case, the Miami Shores detective acted within the scope of his jurisdiction, pursuant to the Addendum to Joint Declaration to Mutual Aid Agreement, when he investigated a felony in the City of Miami that had occurred within the City of Miami Shores. He properly notified the City of Miami when he received the tip and informed them of his intent to set up surveillance. Further, the Miami Shores detective had a reasonable suspicion, based on the vehicle's description and license plate number, that the vehicle observed leaving the motel was the same vehicle involved in the robbery. This founded suspicion that the occupants had committed a crime was sufficient to justify an investigatory stop. State v. Ramos, 755 So.2d 836, 837 (Fla. 5th DCA 2000). After running a computer check based on the occupants' information and finding that the defendant had an outstanding bench warrant, the detective had probable cause to arrest the defendant. Wigfall v. State, 323 So.2d 587, 589 (Fla. 3d DCA 1975). Therefore, the photograph was not the product of an illegal search and seizure.
We reverse the order granting the motion to suppress and remand for further proceedings consistent with this opinion.