920 So.2d 666 (2005)
Nemat JIBORY, Appellant,
v.
The CITY OF JACKSONVILLE, Appellee.
No. 1D05-0846.
District Court of Appeal of Florida, First District.
December 30, 2005.
Rehearing Denied February 10, 2006.
James T. Miller, Esq., Jacksonville; Robert L. Corse, Esq., Jacksonville, for Appellant.
Richard A. Mullaney, General Counsel; Scott D. Makar, Chief, Appellate Division; Michael B. Wedner, Assistant General Counsel, Jacksonville, for Appellee.
PER CURIAM.
Appellant, Nemat Jibory, appeals a Final Judgment entered in favor of appellee, the City of Jacksonville, on his false imprisonment claim. Appellant argues that the trial court erred in granting appellee's summary judgment motion and in denying his summary judgment motion. We agree and, therefore, reverse and remand.
In his amended complaint, appellant alleged that appellee falsely imprisoned him on November 2, 2001, when its officers arrested him on a warrant that they had *667 previously arrested him on March 6, 1999. It is undisputed that appellee, through its employees, failed to delete the warrant from its computer records after its officers executed it in 1999. Appellee moved for summary final judgment, noting that appellant was stopped for a routine traffic matter during which its officers did a computerized record search that indicated that there was an outstanding arrest warrant for appellant. Appellee asserted in part that it had no legal duty under principles of sovereign immunity to accurately maintain its records and that the officers who arrested appellant acted in good faith. Appellant moved for summary judgment on the issue of liability on the ground that the warrant was invalid at the time of the second arrest. Following a hearing, the trial court denied appellant's motion, granted appellee's motion, and entered a Final Judgment in favor of appellee. This appeal followed.
We initially note that we find no merit in appellee's sovereign immunity argument. See Sego v. City of Fernandina Beach, 771 So.2d 1235, 1235 (Fla. 1st DCA 2000) (holding that the trial court erred in granting summary judgment on the theory that sovereign immunity precluded an action for false arrest); see also Dickinson v. Gonzalez, 839 So.2d 709, 713 (Fla. 3d DCA 2003) (citing Lester v. City of Tavares, 603 So.2d 18, 18 (Fla. 5th DCA 1992), for the proposition that there is no sovereign immunity for false arrest); Thomas v. Fla. Game & Fresh Water Comm'n, 627 So.2d 541, 542 (Fla. 2d DCA 1993) ("Sovereign immunity does not bar an action for false arrest."). Nor do we find merit in appellee's argument that it had no duty to keep accurate records as the cases cited in support of that argument address negligence, not false imprisonment.[1]See Hill v. Hill, 388 So.2d 625, 626 (Fla. 1st DCA 1980) (noting that false imprisonment is unlike negligence because it constitutes an intentional tort).
Turning to appellant's argument that a void warrant results in a false arrest, appellant is correct that a warrant becomes void or invalid once it is executed. See State v. White, 660 So.2d 664, 666 (Fla.1995) (noting that a warrant that had been served four days prior to the arrest in question was invalid); Robinson v. State, 885 So.2d 951, 954 (Fla. 1st DCA 2004) (noting that, once a warrant is executed, it is void or no longer active); State v. Gifford, 558 So.2d 444, 445 (Fla. 4th DCA 1990) (holding that, because a void warrant, one that has already been executed, may not serve as a basis for a legal arrest, the fact that the officers did not discover the warrant's invalidity until after the arrest did not transform the arrest into a lawful arrest). It is undisputed in this case that appellee's officers arrested appellant in 2001 based solely upon a warrant appellee's officers previously executed in 1999. As such, the warrant was void when the officers arrested appellant in 2001.
Although appellee relies upon a good-faith defense, this case does not present a situation where appellee was entitled to accept the warrant as lawful because it was issued by another entity having the legal authority to issue warrants. Cf. Andrews *668 v. Fla. Parole Comm'n, 768 So.2d 1257, 1263 (Fla. 1st DCA 2000) (holding that, even if the warrants upon which the appellant was arrested were issued improperly by the Florida Parole Commission based upon a mistake as to the facts or the law, the trial court properly dismissed the false imprisonment claim against the Department of Corrections because it was entitled to accept the warrants as lawful given that they were regular on their face and issued by a legal body having authority to issue warrants). Nor is this a situation where it was a court employee who failed to notify appellee that the warrant had been executed. Cf. Torrez v. Knowlton, 205 Ariz. 550, 73 P.3d 1285, 1286 (2003) (holding that the warrant on which the appellant was arrested was an invalid warrant fair on its face, noting that the sheriff's office's database showed that the warrant remained active, and noting that the court clerk failed to properly notify the sheriff's office that the warrant had been quashed). Rather, this case presents a situation where appellee, through its own employees, failed to delete the warrant from its computer records after appellee's officers executed it in 1999. Therefore, because the warrant upon which appellant was arrested in 2001 was void and because the good-faith defense is inapplicable to the facts of this case, we conclude that the trial court erred in granting appellee's summary judgment motion and in denying appellant's summary judgment motion.
Accordingly, we REVERSE the Final Judgment and REMAND with instructions that the trial court enter summary judgment in appellant's favor as to liability.
WEBSTER, PADOVANO and LEWIS, JJ., concur.
NOTES
[1] "The gravamen of the tort of false arrest is the unlawful restraint of a person against that person's will." City of St. Petersburg v. Austrino, 898 So.2d 955, 957 (Fla. 2d DCA 2005); see also Harris v. Kearney, 786 So.2d 1222, 1225 (Fla. 4th DCA 2001) (noting that, to be liable for false arrest, a person must actively and personally participate, either directly or indirectly by procurement, in the unlawful restraint of another person against his or her will). A plaintiff must show that the detention was unreasonable and unwarranted under the circumstances. Rivers v. Dillards Dep't Store, Inc., 698 So.2d 1328, 1331 (Fla. 1st DCA 1997).