929 So.2d 43 (2006)
Donald K. WILLINGHAM, Appellant,
v.
The CITY OF ORLANDO, Officer Wayne Costa, etc., Appellee.
Nos. 5D05-736, 5D05-1111.
District Court of Appeal of Florida, Fifth District.
May 12, 2006.
*45 Kathryn L. Kasprzak of Kathryn L. Kasprzak, P.A., Orlando, and Jeremy K. Markman of The Markman Law Firm, P.A., Orlando, for Appellant.
Walter A. Ketcham, Jr. and Ramon Vazquez of Grower, Ketcham, Rutherford, Bronson, Eide & Telan, P.A., Orlando, for Appellees, The City of Orlando and Wayne Costa.
John S. McEwan, II and David C. Bibb of McEwan, Martinez & Dukes, P.A., Orlando, for Appellee, Orange County.
MONACO, J.
This case requires us to examine the potential liability of law enforcement officers and their governmental employers in connection with the execution of an arrest warrant and the taking into custody of the person named in the warrant. Because we conclude that no cause of action for false arrest or false imprisonment against the officer or the involved agencies could be alleged under the facts of this case, we affirm.
The appellant, Donald K. Willingham, asserts that in January of 2000, his wallet was stolen. A month later he realized that one Craig Caldwell was unlawfully using his identity. Apparently Mr. Caldwell had been charged with displaying another's driver's license in violation of section 322.32, Florida Statutes (1999). The license that he wrongly displayed was that of a third person not involved in this case. When Mr. Caldwell was confronted about his display of another's license, however, he then claimed to be Donald K. Willingham, and gave Mr. Willingham's address as his own. The real Mr. Willingham was thereafter notified that he had been charged in Lake County with driving at an unlawful speed. After he protested and the Lake County authorities investigated the matter, they concluded that Mr. Willingham's identity had in fact been misused by Mr. Caldwell. Mr. Willingham was then issued a civil infraction disposition dismissing the charge because of mistaken identity.
Several years later, according to Mr. Willingham, he was stopped in Orlando by Officer Wayne Costa of the Orlando Police Department. Officer Costa was investigating an outstanding warrant issued in Osceola County for failure to redeliver a hired vehicle, in violation of section 817.52, Florida Statutes (2003). Based on the outstanding Osceola County warrant, Officer Costa arrested Mr. Willingham outside his residence despite the protests of the appellant to the effect that his identity had been stolen, and that the officer had the wrong man. Mr. Willingham offered to get documentation for Officer Costa to demonstrate that he was not the person being sought pursuant to the warrant. Specifically, Mr. Willingham offered to produce the civil infraction disposition from the *46 Lake County unlawful speeding case, as well as two booking photographs from the Orange County Correctional Facility. Officer Costa, however, chose not to investigate Mr. Willingham's assertion of mistaken identity.
Mr. Willingham was first taken to the Orange County Jail, and was then transported to the Osceola County Correctional Facility. Once at the correctional facility, Mr. Willingham continued to protest his innocence to staff members. After five days of confinement, Mr. Willingham was released when the staff there completed an investigation into his assertions.
Several months later Mr. Willingham filed a civil complaint against Officer Wayne Costa and his employer, the City of Orlando, and Orange County, the operator of the jail where he was originally taken after his arrest. In the first count of the complaint Mr. Willingham sought damages against the City of Orlando for false arrest. He asserted that Officer Costa, an employee of the City, improperly and unreasonably restrained him when he was arrested, and that the City knew or should have known that Mr. Willingham was not the person named in the warrant. He further alleged that the City did not have a "valid warrant" to effect his arrest. The second count sought damages against Officer Costa for false arrest, both individually and in his official capacity. Mr. Willingham there asserted that the exercise of restraint by Officer Costa was improper and unreasonable because the warrant was invalid and not based on "probable cause." The remaining counts asserted claims of false imprisonment against the City of Orlando, Officer Costa, and Orange County.
In response the City and Officer Costa alleged that probable cause existed to arrest Mr. Willingham because of the existence of the arrest warrant, and asserted that there was no theory under which Mr. Willingham could recover against either of them. In addition, Officer Costa claimed that he was clothed with qualified immunity from personal liability for damages by virtue of section 768.28(9)(a), Florida Statutes (2003), because his actions were "conducted in good faith," and with "the actual and reasonable belief that such actions were legal and proper under the circumstances." Finally, Officer Costa pointed out that at no time did he act in his individual capacity with respect to the arrest of Mr. Willingham.
Orange County answered by asserting, among other things, that the arrest and confinement of Mr. Willingham involved a "discretionary function" associated with the enforcement of law, and that it was therefore entitled to sovereign immunity from liability. Finally, Orange County also urged that its agents and employees acted in accordance with the law regarding the enforcement of arrest warrants.
All three defendants sought partial summary judgment. At the hearing, Mr. Willingham argued that he had booking photographs near him from the incident in 2000, but that Officer Costa refused to look at either the photographs or other documents from the previous identity theft incident. His argument was as follows:
My position in this case is that this police officer didn't make a reasonable mistake, because by choosing to be deliberately indifferent inin choosing not to look at the photographs, that wasn't reasonable. Because it was right there. He was at the scene. There was no reason he shouldn't look at them. No reason he couldn't have looked at them. If the jury chooses to believe that they weren't presented to him, then, essentially, no case. If the jury believes that they were presented to him, and that was a reasonable mistake, still against against me. But if the jury chooses to *47 believe that they were presented to the officer at the scene, and the officer, by choosing not to look at them, wasn't being reasonable, then it's in favor of Donald Willingham.
The trial court, however, granted a summary judgment on the authority of McGhee v. Volusia County, 679 So.2d 729 (Fla.1996); Stayer v. State, 590 So.2d 25 (Fla. 4th DCA 1991); and McCray v. State, 496 So.2d 919 (Fla. 2d DCA 1986). The court also cited Pollock v. Florida Dep't of Highway Patrol, 882 So.2d 928 (Fla.2004), for the proposition that no special duty of care was owed to Mr. Willingham because of a failure to abide by any office procedures. The court eventually concluded that neither the City of Orlando, nor Orange County, nor Officer Costa violated Mr. Willingham's rights by executing a "valid arrest warrant." This appeal followed. We find no error.
We review a trial court's grant of a summary judgment using a de novo standard. See Major League Baseball v. Morsani, 790 So.2d 1071, 1074 (Fla.2001); Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). In order to determine the propriety of a summary judgment, a reviewing court must resolve whether there is any genuine issue as to any material fact, and whether the moving party is entitled to judgment as a matter of law. Fla. R. Civ. P. 1.510(c). The moving party for summary judgment has the burden to demonstrate conclusively the nonexistence of any genuine issue of material fact. A reviewing court will consider the evidence contained in the record, including any supporting affidavits, in the light most favorable to the nonmoving party. If the slightest doubt exists, summary judgment cannot stand. See Mivan (Florida), Inc. v. Metric Constructors, Inc., 857 So.2d 901, 902 (Fla. 5th DCA 2003); Krol v. City of Orlando, 778 So.2d 490, 491-92 (Fla. 5th DCA 2001); see also Horizons Rehab., Inc. v. Health Care and Ret. Corp., 810 So.2d 958 (Fla. 5th DCA), review denied, 832 So.2d 104 (Fla.2002). With those precepts in mind, we separately consider Mr. Willingham's claims against the officer individually, and against the governmental entities collectively.

I. The Claims Against The Police Officer For Personal Liability.
Officer Costa suggests that he was entitled to immunity from suit and from damages against him personally by virtue of section 768.28(9)(a), Florida Statutes (2003), which reads as follows:
No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. . . . The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by an action against the governmental entity, or the head of such entity in her or his official capacity or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.
(Emphasis added). Thus, unless Officer Costa acted in bad faith, or with malicious *48 purpose, or with willful and wanton disregard of human rights, safety or property, he was entitled to summary judgment with respect to any personal liability, and Mr. Willingham was limited to seeking damages against the officer's governmental employer.
Importantly, the immunity provided by section 768.28(9)(a) is both an immunity from liability and an immunity from suit, and the benefit of this immunity is effectively lost if the person entitled to assert it is required to go to trial. See Tucker v. Resha, 648 So.2d 1187 (Fla. 1994); Lemay v. Kondrk, 923 So.2d 1188 (Fla. 5th DCA 2006); Seminole Tribe of Fla. v. McCor, 903 So.2d 353 (Fla. 2d DCA 2005). Thus, we agree with the dissent in Ondrey v. Patterson, 884 So.2d 50 (Fla. 2d DCA), review denied, 888 So.2d 18 (Fla. 2004), and the dissent in Lemay v. Kondrk, 860 So.2d 1022 (Fla. 5th DCA 2003), that the trial judge must act as a gatekeeper in these circumstances, and should terminate civil proceedings when the immunity applies. We have noted that in fulfilling the gatekeeping function when summary judgment is sought, the trial judge should ask whether a reasonable trier of fact could possibly conclude that the conduct was willful and wanton, or would otherwise fall within the exceptions to the statute. See Lemay, 923 So.2d at 1191. If a reasonable jury could not so conclude, summary judgment is appropriate. In the present case, no exception applies. The actions of Officer Costa do not fall within the definition of willful and wanton, and were clearly not malicious or taken in bad faith, and no reasonable jury could have concluded otherwise. There was, in fact, no assertion in Mr. Willingham's complaint that Officer Costa so acted. Thus, to implement the immunity from suit, and to fulfill its responsibility as gatekeeper, the trial court acted properly in granting summary judgment in favor of Officer Costa.
False arrest is defined as the unlawful restraint of a person against that person's will. See Johnson v. Weiner, 155 Fla. 169, 19 So.2d 699 (1944). In a false arrest action, probable cause is an affirmative defense to be proven by the defendant. See City of St. Petersburg v. Austrino, 898 So.2d 955, 957 (Fla. 2d DCA), review denied, 911 So.2d 97 (Fla.2005). A number of cases have addressed the legal status of an arrest by a law enforcement officer pursuant to a warrant. In Dodson v. Solomon, 134 Fla. 284, 183 So. 825 (1938), for example, the Florida Supreme Court held:
If the imprisonment is under legal authority it may be malicious but it cannot be false. This is true where legal authority is shown by valid process, even if irregular or voidable.
Dodson, 183 So. at 825.
In Jackson v. Navarro, 665 So.2d 340 (Fla. 4th DCA 1995), the trial court, while acting on a suit filed against the sheriff for false arrest, held that summary judgment for the sheriff was appropriate based on the general proposition set forth in Dodson and S.H. Kress & Co. v. Powell, 132 Fla. 471, 180 So. 757, 762 (1938).
Although not always observed the distinction between malicious prosecution and false imprisonment is fundamental. But briefly, the essential difference between a wrongful detention for which malicious prosecution will lie, and one for which false imprisonment will lie, is that in the former the detention is malicious but under the due forms of law, whereas in the latter the detention is without color of legal authority. In malicious prosecution plaintiff must allege and prove malice and want of probable cause and the termination of the proceeding favorably to plaintiff, whereas in false imprisonment the allegation of *49 want of probable cause is not essential, and the burden is on defendant to prove probable cause as a defense or in mitigation. Malice is material only on the issue of damages, and the termination of the proceeding is not material. If the imprisonment is under legal authority it may be malicious but it cannot be false. This is true where legal authority is shown by valid process, even if irregular or voidable. Void process will not constitute legal authority within this rule. (Emphasis added).
See Jackson, 665 So.2d at 341; see also Erp v. Carroll, 438 So.2d 31 (Fla. 5th DCA 1983) (imprisonment under "process regular and in legal form issued by lawful authority" is not false).
Several other district courts have built upon this proposition. See McCray (although capias was mistakenly issued, arrest was valid since officers who learned of the outstanding capias had no discretion but to arrest defendant); see also Crain v. State, 914 So.2d 1015, 1023 (Fla. 5th DCA 2005) (officers are not expected to possess a lawyer's understanding of the nuances of Fourth Amendment law and are not permitted to second guess the validity of a facially sufficient warrant); Fields v. State, 591 So.2d 1129 (Fla. 4th DCA 1992) (detective had no discretion in arresting Fields on an outstanding warrant); Stayer (same); Johnson v. Heinrich, 543 So.2d 831, 832 (Fla. 2d DCA 1989). Indeed, many courts have held that so long as a warrant is valid on its face, the officer is entitled to an absolute grant of immunity springing from the judicial immunity of the judicial officer who issued the warrant. See, e.g., Mays v. Sudderth, 97 F.3d 107, 112-13 (5th Cir.1996); see also Martin v. Hendren, 127 F.3d 720, 721 (8th Cir. 1997)(law enforcement officer who carried out order of judge to handcuff and remove plaintiff from courtroom entitled to absolute quasi-judicial immunity); Valdez v. City & County of Denver, 878 F.2d 1285, 1289-90 (10th Cir.1989)(law enforcement officers who carried out order of judge to arrest and incarcerate spectator in court are entitled to absolute quasi-judicial immunity).
Officer Costa acted reasonably under the circumstances in fulfilling the nondiscretionary requirements of his position to arrest Mr. Willingham under the warrant, even if it was mistakenly issued. It was simply not within Officer Costa's authority to second guess the warrant. See Florida Statutes, §§ 839.19-839.20. Moreover, the documents that Mr. Willingham was anxious to show to Officer Costa would not have made a difference. Just because Mr. Willingham's identity had been misused with respect to a case that concluded several years earlier does not mean that he could not have committed the more recent offense. The immunity from suit provided by section 768.28(9)(a) was designed specifically to address situations such as this, and there was no error in granting a summary judgment in favor of Officer Costa.

II. The Claims Against The City And Against The County.
Mr. Willingham asserted in his complaint purported causes of action against the City of Orlando for false arrest and false imprisonment, and against Orange County for false imprisonment. He argues that the trial court erred in granting summary judgment in favor of these entities. Once again, however, we find no error.
False imprisonment, as the Florida Supreme Court has noted, is often "distinguishable in terminology only from the action for false arrest." See Johnson, 19 So.2d at 700. The cases seem to treat false imprisonment and false arrest as essentially the same tort when the issue *50 involves an arrest and detention by a law enforcement officer. See, e.g., Spears v. Albertson's, Inc., 848 So.2d 1176 (Fla. 1st DCA 2003); Jackson, 665 So.2d at 340. In any event, the County and the City assert defensively that taking a person into custody pursuant to a valid warrant issued by another entity having the legal authority to issue warrants cannot be false imprisonment. Secondly, the City and County aver that their actions vis-à-vis Mr. Willingham concerned their respective discretionary functions involving the enforcement of law and the protection of public safety, and that they were thus entitled to sovereign immunity.
In Pollock, the Supreme Court determined that the State of Florida had waived sovereign immunity from liability in tort actions for any act for which a private person under similar circumstances would be held liable. There could be, however, no governmental liability unless a common law or statutory duty of care existed that would have been applicable to an individual, as opposed to the general public, under similar circumstances. See Pollock, 882 So.2d at 931. Accordingly, if no duty of care is owed to the individual with respect to alleged tortious conduct, there is no governmental liability, and the question of whether the sovereign is immune from suit need not be reached. See Kaisner v. Kolb, 543 So.2d 732, 734 (Fla.1989). Judgmental or discretionary government functions are immune from legal action, whereas operational acts are not protected by sovereign immunity. Thus, it is only if there is a duty of care owed that we must consider whether sovereign immunity acts as a bar to an action for breach of that duty. See Pollock, 882 So.2d at 933.
The Pollock court held further that patrolling the state highways, controlling the flow of traffic, and enforcing the traffic laws are duties that the Florida Highway Patrol owes to the general public. "The responsibility to enforce the laws for the good of the public cannot engender a duty to act with care toward any one individual, unless an official assumes a special duty with regard to that person." Pollock, 882 So.2d at 935. Similarly, in Holodak v. Lockwood, 726 So.2d 815 (Fla. 4th DCA 1999), the Fourth District held that the Clerk of Court does not owe drivers a duty of care individually to properly record their payment of fines for traffic violations to avoid fee assessments and license suspensions. The Fourth District came to a similar conclusion with respect to a claim by an arrestee based on the failure of the clerk to inform the sheriff that a capias for his arrest had been set aside. See Lovett v. Forman, 883 So.2d 319 (Fla. 4th DCA 2004), review denied, 894 So.2d 971 (Fla. 2005). We fully agree with this line of cases. The enforcement of facially sufficient and validly issued arrest warrants are duties that law enforcement and the governmental entities associated with them owe to the general public and not to any individual person. There was no exercise of discretion involved. The warrant was validly issued, and it was the duty of the agencies to see to it that the warrant was given full effect. See State v. Walkin, 802 So.2d 1169, 1171 (Fla. 3d DCA 2001); Wigfall v. State, 323 So.2d 587, 589 (Fla. 3d DCA 1975); State v. Foust, 262 So.2d 686 (Fla. 3d DCA 1972). Thus, we conclude that under these circumstances, there was no special duty owed to Mr. Willingham by either the City or the County, and that they were not liable for his arrest or detention.
Mr. Willingham argues that our earlier decision in Lester v. City of Tavares, 603 So.2d 18 (Fla. 5th DCA 1992), compels a reversal. That case, however, involved a warrantless, and thus by definition a discretionary arrest. We concluded that *51 there could be no immunity for false arrest there specifically because the actions of the arresting officer were discretionary. Here, there was no discretion and no special duty owed to the individual. The warrant was live and enforceable, and Officer Costa and the agencies acted as duty directed.
Similarly, Mr. Willingham also calls our attention to Jibory v. City of Jacksonville, 920 So.2d 666 (Fla. 1st DCA 2005), review dismissed, 926 So.2d 1269 (Fla. 2006). In that case officers arrested the claimant on a "warrant" that they had previously arrested him on. Apparently, the City failed to delete the warrant from its computer records after its own officers had executed it two years earlier. Once a warrant has been executed, it becomes void, or no longer active. See Robinson v. State, 885 So.2d 951, 954 (Fla. 1st DCA 2004); State v. Gifford, 558 So.2d 444, 445 (Fla. 4th DCA 1990). The Jibory court held that sovereign immunity would not protect the City under these circumstances. It carefully pointed out, however, that this was not a case where the City was entitled to accept the warrant as lawful because it was issued by another entity having the legal authority to issue warrants. "Rather, this case presents a situation where appellee, through its own employees, failed to delete the warrant from its computer records after appellee's officers executed it...." Jibory, 920 So.2d at 667. Jibory, therefore, does not compel a different result.
Accordingly, the summary judgments in favor of Officer Costa and the governmental bodies were appropriate.
AFFIRMED.
PALMER and ORFINGER, JJ., concur.