936 So.2d 660 (2006)
Amilia Adele GLENNEY, Appellant,
v.
Howard C. FORMAN, as Clerk of Court, Broward County, Florida, Appellee.
No. 4D05-1965.
District Court of Appeal of Florida, Fourth District.
July 5, 2006.
Rehearing Denied September 15, 2006.
*661 Hugh L. Koerner of Hugh L. Koerner, P.A., Fort Lauderdale, for appellant.
Susan F. Delegal and Hal B. Anderson of Billing, Cochran, Heath, Lyles, Mauro & Anderson, P.A., Fort Lauderdale, for appellee.
POLEN, J.
Amilia Adele Glenney appeals a final judgment granting a motion to dismiss the complaint she filed against appellee Howard C. Forman, as Clerk of Court, Broward County (hereinafter "the Clerk") for negligence and false arrest. For the reasons set forth herein, we reverse.
On August 17, 1999, Glenney was the victim of domestic violence committed by her husband, Shannon Glenney. Following an investigation by law enforcement authorities, the Broward County State Attorney's Office filed a criminal information against Shannon Glenney, naming Amilia Glenney as the domestic violence victim.
Thereafter, the Clerk opened a court file listing Amilia as the criminal defendant. The Clerk summoned Amilia to appear for arraignment on December 3, 1999. Pursuant to the summons, Amilia appeared before the Honorable Alfred Horowitz for arraignment on December 3, 1999. At the arraignment hearing, Judge Horowitz advised Amilia that she was charged with the offense of battery. Amilia advised Judge Horowitz she believed there was a clerical error, and the following colloquy occurred:
Court: The State's alleging 
Assistant State Attorney: Wait, Judge. I think she's right. It was actually her boyfriend that was the defendant in this case.
Amilia: I'm the victim.
Assistant State Attorney: I think the information even says she's the victim.
Judge Horowitz then rescheduled the arraignment for January 7, 2000. Thereafter, the Assistant State Attorney orally "announced a `Nolle Pros in this case' on behalf of the State of Florida."[1]
Subsequently, based on the rescheduled arraignment, the Clerk re-issued a summons for Amilia's arraignment on January 7, 2000. On January 7, after Amilia failed to appear for the scheduled arraignment, Deputy Clerk Nancy DuPont issued a "No Bond" capias for Amilia's arrest.
On November 13, 2000, Amilia was arrested on the "No Bond" capias and incarcerated in the Broward County Jail. The next day, following a magistrate hearing, Amilia was released on her own recognizance after the magistrate judge found a lack of probable cause for her arrest. Amilia was incarcerated in the Broward County Jail for approximately 24 hours before her release.
In her negligence claim (Count I), Glenney asserted that the Clerk "placed her in a `zone of risk' for false arrest/false imprisonment by negligently creating the conditions and circumstances that proximately caused [her] arrest and incarceration." In her false arrest/false imprisonment claim (Count II), Glenney asserted the Clerk "placed [her] in a `zone of risk' for false arrest/false imprisonment by creating the conditions and circumstances that proximately caused [her] arrest and incarceration."
The Clerk moved to dismiss the complaint and the trial court granted the motion. In its order, the court made the following findings of law and fact:
Even though this court finds that Ms. Glenney was the victim of an egregious *662 error on the part of the Office of the Clerk of Court, this court finds itself constrained by the holding of Holodak v. Lockwood, 726 So.2d 815 (Fla. 4th DCA 1999) and Lovett v. Forman, 883 So.2d 319 (Fla. 4th DCA 2004). In both of these cases, the Fourth District Court of Appeal held that the Clerk did not owe a greater duty to the plaintiff than to the general public and the actions were therefore barred by sovereign immunity.
Subsequently, the trial court entered a Final Judgment dismissing the case with prejudice. This appeal followed. The standard of review for a dismissal of a claim for failure to state a cause of action is de novo. Siegle v. Progressive Consumers Ins. Co., 819 So.2d 732, 734 (Fla.2002).
It is well settled that, absent a special relationship, no duty arises simply where the government owes a duty "to the general public, as opposed to an individual person." Pollock v. Fla. Dep't of Highway Patrol, 882 So.2d 928, 935 (Fla.2004). "The responsibility to enforce the laws for the good of the public cannot engender a duty to act with care toward any one individual, unless an official assumes a special duty with regard to that person." Id. See also Holodak v. Lockwood, 726 So.2d 815, 816 (Fla. 4th DCA 1999) (holding that in government tort suits, plaintiffs must prove defendant breached a common law or statutory duty "owed to the plaintiff individually and not a tort duty owed to the public generally").
Outside the narrow exception of land records, see First Am. Title Ins. Co. of St. Lucie County, Inc. v. Dixon, 603 So.2d 562 (Fla. 4th DCA 1992), this court has not recognized a duty of governmental officials to maintain records or issue paperwork for the benefit of an individual or particular group of individuals. See Lovett v. Forman, 883 So.2d 319 (Fla. 4th DCA 2004), rev. den., 894 So.2d 971 (Fla.2005) (holding that neither clerk nor sheriff owed plaintiff a special duty where clerk failed to notify sheriff's office that court had granted plaintiff's motion to set aside the capias, resulting in plaintiff being wrongfully arrested and incarcerated for over two months); Moore v. Dep't of Corr., State of Fla., 833 So.2d 822 (Fla. 4th DCA 2002); (holding no special duty owed which would permit recovery against government where individual was wrongfully arrested because D.O.C. officer negligently failed to revoke outstanding warrant for her arrest after learning her probation was terminated); Holodak v. Lockwood, 726 So.2d 815 (Fla. 4th DCA 1999) (holding clerk did not owe individual drivers special duty of care to properly and timely record traffic violation fine payments different from duty owed the general public to keep proper records).
Nonetheless, under the facts as presented in Glenney's complaint, set forth above, we hold that the trial court erred in ruling that the Clerk did not owe Glenney a duty under Florida law. We recognize that the Clerk has only a general duty to the public to maintain records in criminal cases and issue process, not a duty to any particular individual in a particular case. However, in the instant case, the in-court clerk should have corrected the file at the first arraignment, after Glenney and the prosecutor both explained to the court that she was the victim in the battery case, not the criminal defendant. The Clerk's duty to Glenney became a special duty to act non-negligently once the Clerk's office became aware of the mistake in naming her as the criminal defendant and failed to correct it.[2]
The issue of the existence of a legal duty of care is a threshold question that *663 precedes any analysis of sovereign immunity. See Pollock, 882 So.2d at 932-33; Henderson v. Bowden, 737 So.2d 532, (Fla. 1999) ("A threshold matter is whether the sheriff's deputies had a duty to act with care toward the decedents; for, as we have stated time and again, there can be no governmental liability unless a common law or statutory duty of care existed that would have been applicable to an individual under similar circumstances."). Because the trial court dismissed the complaint based on a legal duty analysis, it may still address the issue of sovereign immunity upon remand.
Based on the foregoing, we reverse the trial court's order dismissing Glenney's complaint with prejudice and remand this case to the trial court for further proceedings in accordance with this opinion.
FARMER, J., concurs.
STONE, J., dissents with opinion.
STONE, J., dissenting.
I would affirm on the authority of Lovett v. Forman, 883 So.2d 319 (Fla. 4th DCA 2004).
NOTES
[1] There is no allegation in the complaint that the nolle pros was filed by the State Attorney's Office or otherwise formally entered in the record by the court.
[2] Imposing liability in this case may be an issue of first impression for this court.