JACOBUS, J.
Donald Eslinger, Sheriff of Seminole County, timely appeals a jury award of damages to Kimberly Shields on a claim of false imprisonment by the Seminole County Sheriffs Office. Eslinger contends that the trial court should have directed a verdict on the false imprisonment claim because the Seminole County Sheriffs Office arrested Shields based on two valid warrants. We agree and reverse.
In 2002, Shields was involved in an automobile accident in Seminole County. During the investigation of the accident, Shields presented her driver’s license and registration information to the Deputy Sheriff at the scene. The Deputy conducted a warrant search and found there were two outstanding felony warrants for Shields out of Charlotte County. The Deputy arrested Shields and took her to the Seminole County Jail. At the jail, she was strip-searched and detained until she was brought before a magistrate for initial appearance. Unbeknownst to Shields, her identity had been stolen by a person in Charlotte County and that person had committed crimes, which resulted in the issuance of the felony warrants. The warrants contained Shields’ information, including her name, birth date, height, weight, and her social security number. During the time she was in custody, Shields maintained that she had not committed any crimes and she was not the subject of the warrants. It was ultimately determined that Shields was not the sub *186 ject of the warrants, and she was ordered released by the magistrate at initial appearance.
Shields sued Eslinger, as Sheriff of Seminole County, for false imprisonment, negligence for an unlawful strip-search, and negligent training and supervision. The case proceeded to trial and, after Shields presented her case-in-chief, Es-linger moved for a directed verdict on the false imprisonment claim. The lower court denied that motion. The jury returned a verdict in Shields’ favor and awarded her $75,000 for the false imprisonment claim and $25,000 for the unlawful strip-search claim.[1]
On appeal, Eslinger argues the lower court erred in denying his motion for directed verdict on the false imprisonment claim because the warrants for Shields were valid. We agree.
This case is controlled by Willingham v. City of Orlando, 929 So.2d 43 (Fla. 5th DCA 2006). There, Willingham was the victim of identity theft. The man who had stolen Willingham’s identity had an outstanding warrant for his arrest. The warrant was issued in Willingham’s name and Willingham was arrested based on the warrant. Id. at 45. At the time of his arrest, Willingham tried to explain that his identity had been stolen, but the officer did nothing to investigate Willingham’s contention. Id. at 45-46. He was taken to the Orange County Jail and then transported to the Osceola County Correctional Facility. Id. at 46. Five days later, jail staff learned that Willingham’s identity had in fact been stolen and the warrant was for someone else. He was subsequently released. Id.
Willingham sued Orange County, the City of Orlando, and the arresting officer for false imprisonment. Id. The lower court granted defendants’ motions for summary judgment, finding that Willing-ham’s rights were not violated because the officer executed a valid arrest warrant. Id. at 47.
We affirmed the lower court’s judgment and explained our reasoning as follows:
[t]he enforcement of facially sufficient and validly issued arrest warrants are duties that law enforcement and the governmental entities associated with them owe to the general public and not to any individual person. There was no exercise of discretion involved. The warrant was validly issued, and it was the duty of the agencies to see to it that the warrant was given full effect.
Id. at 50.
Shields’ situation is identical to Willing-ham’s. The warrants from Charlotte County were valid. As such, the Seminole County Sheriffs Department had no obligation to look behind the warrants and no discretion in executing them. Thus, Shields was properly placed under arrest and she has no claim for false imprisonment. The judgment for false imprisonment is reversed and the matter is remanded for entry of a judgment in Es-linger’s favor.
REVERSED and REMANDED.
SAWAYA and LAWSON, JJ., concur.

. Eslinger did not appeal the jury's award for Shields' claim of unlawful strip-search.