DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GERMAN FLOREZ,**
Appellant,

v.

**BROWARD SHERIFF'S OFFICE** and **HOWARD FORMAN,** in his official capacity **AS CLERK OF COURTS FOR BROWARD COUNTY,**
Appellees.

No. 4D18-1189

[April 24, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carol Lisa Phillips, Judge; L.T. Case No. CACE 14-011100.

Ryan C. Tyler, Mario R. Giommoni and Kimberly L. Boldt of Boldt Law Firm, Boca Raton, and Adam T. Dougherty of Dougherty Law Firm, P.A., Fort Lauderdale, for appellant.

Alexis Fields of Kopelowitz Ostrow Ferguson Weiselberg Gilbert, Fort Lauderdale, for appellees.

DAMOORGIAN, J.

Appellant, German Florez, sued the Broward Sheriff's Office ("BSO") for negligence and false arrest after BSO arrested and detained Appellant for ten days based on a previously executed warrant. In his complaint, Appellant alleged that although he was initially served with the warrant by BSO while either in court or inmate housing, BSO failed to follow its own protocol and, as a result, erroneously entered the executed warrant as active in its system. The court dismissed Appellant's lawsuit with prejudice, citing to case law establishing BSO did not owe Appellant a duty to ensure that the warrant was properly recorded in its system. We agree that BSO lacked such a duty and, therefore, Appellant could not state a cause of action for negligence. However, we do not agree that this lack of duty precluded Appellant from alleging a cause of action for the intentional tort of false arrest and, therefore, reverse and remand for further proceedings.

Analysis

As Appellant's lawsuit was against a governmental agency, our analysis must necessarily begin with an overview of governmental tort liability. Generally speaking, the sovereign is immune for tort liability unless such immunity is expressly waived. *Town of Gulf Stream v. Palm Beach Cty.*, 206 So. 3d 721, 725 (Fla. 4th DCA 2016) ("Sovereign immunity protects the sovereign from being sued without its consent."). To that end, "[t]he State of Florida has waived sovereign immunity in tort actions for any act for which a private person under similar circumstances would be held liable." *Henderson v. Bowden*, 737 So. 2d 532, 534–35 (Fla. 1999) (citing Art. X, § 13, Fla. Const.; § 768.28 Fla. Stat. (1995)). However, before considering whether sovereign immunity bars a lawsuit, courts must first determine if there is tort liability to be immune from. *See Wallace v. Dean*, 3 So. 3d 1035, 1044–45 (Fla. 2009); *Pollock v. Fla. Dep't of Highway Patrol*, 882 So. 2d 928, 932 (Fla. 2004).

*Negligence*

In order to establish that a defendant is liable for the tort of negligence, the claimant must establish that the defendant owed it a duty of care, which it breached, thereby causing the claimant harm. *Williams v. Davis*, 974 So. 2d 1052, 1056 (Fla. 2007). The government's duties for purposes of negligence are dictated by the common law and statute. *Trianon Park Condo. Ass'n v. City of Hialeah*, 468 So. 2d 912, 917 (Fla. 1985) ("[F]or there to be governmental tort liability, there must be either an underlying common law or statutory duty of care with respect to the alleged negligent conduct."). Further, "[t]he responsibility to enforce the laws for the good of the public cannot engender a duty to act with care toward any one individual, unless an official assumes a special duty with regard to that person." *Pollock*, 882 So. 2d at 935.

With these parameters in mind, it is well established that the government does not owe individual citizens a common law duty to convey accurate information or maintain accurate records. *Glenney v. Forman*, 936 So. 2d 660, 662 (Fla. 4th DCA 2006) (noting that "this court has not recognized a duty of governmental officials to maintain records or issue paperwork for the benefit of an individual or particular group of individuals"); *City of Dunedin v. Pirate's Treasure, Inc.*, 255 So. 3d 902, 905 (Fla. 2d DCA 2018) (holding that a city did not "owe a duty to convey accurate information"). Therefore, absent the government's assumption of a special duty, the government's failure to maintain accurate records cannot form the basis of a negligence suit by a person affected by

2

erroneous record keeping. *Id.* This is true even if the agency did not follow its own procedures. *Pollock*, 882 So. 2d at 936–37.

For example, in the factually similar *Lovett v. Forman*, 883 So. 2d 319, 320 (Fla. 4th DCA 2004), a defendant sued both the clerk of court and the sheriff's office in negligence after the clerk failed to make a computer entry which would have shown a warrant for the defendant's arrest was withdrawn. Based on the clerk's negligent record keeping, the defendant was wrongfully arrested and incarcerated for two months. *Id.* On appeal, this Court held that the defendant could not maintain a cause of action against the clerk or sheriff based on the clerk's error because the maintenance of records is a function undertaken by the government for the public generally and does not create a special duty. *Id.* at 320–21; *see also Moore v. Dep't of Corr.*, 833 So. 2d 822, 823–24 (Fla. 4th DCA 2002) (holding no special duty owed which would permit recovery against government where individual was wrongfully arrested by another agency because corrections officer negligently failed to revoke outstanding warrant for her arrest after learning her probation was terminated); *Holodak v. Lockwood*, 726 So. 2d 815, 816–17 (Fla. 4th DCA 1999) (holding clerk did not owe individual drivers special duty of care to properly and timely record traffic violation fine payments different from duty owed the general public to keep proper records); *Layton v. Fla. Dep't of Highway Safety & Motor Vehicles*, 676 So. 2d 1038, 1041 (Fla. 1st DCA 1996) (holding that a defendant could not maintain a cause of action for negligence against the DMV for its failure to accurately maintain her driving records resulting in her wrongful arrest because "the maintenance of DHSMV records is a function undertaken by the government for the public generally and that the duty to perform this function accurately runs to the public and not to individual licensed drivers").

Here, Appellant did not allege that BSO's negligence took place in the context of a special duty. Rather, Appellant alleged that BSO was negligent in "failing to properly record [Appellant's] voided warrant." This negligence did not implicate any duty separate and distinct from the duty owed by BSO to the public at large. Therefore, Appellant cannot allege a valid cause of action for negligence against BSO and the court properly dismissed this count.

*False Arrest*

The tort of false arrest[1] is an intentional tort and, therefore, does not necessitate the same showing of duty requisite to a negligence claim.[2] *Jibory v. City of Jacksonville*, 920 So. 2d 666, 667 (Fla. 1st DCA 2005). Instead, it requires proof of "1) the unlawful detention and deprivation of liberty of a person 2) against that person's will 3) without legal authority or 'color of authority' and 4) which is unreasonable and unwarranted under the circumstances." *Montejo v. Martin Mem'l Med. Ctr., Inc.*, 935 So. 2d 1266, 1268 (Fla. 4th DCA 2006).

When a claimant is arrested by an agency based on a facially sufficient and validly issued arrest warrant, that person cannot satisfy the elements of a false arrest claim because the warrant confers "legal authority" on the

---

[1] The tort of false arrest is often used interchangeably with the tort of false imprisonment and, thus, case law discussing false imprisonment is instructive to the tort of false arrest and vice versa. *Willingham v. City of Orlando*, 929 So. 2d 43, 49–50 (Fla. 5th DCA 2006) (recognizing that the torts of false imprisonment and false arrest are "often 'distinguishable in terminology only'" and are treated as "the same tort when the issue involves an arrest and detention by a law enforcement officer" (quoting *Johnson v. Weiner*, 19 So. 2d 699, 700 (Fla. 1944))).

[2] As outlined in the Second Restatement of Torts, "'[d]uty' is rarely used in dealing with the invasions of legally protected interests by acts which are intended to invade them." RESTATEMENT (SECOND) OF TORTS § 4 cmt. b (AM. LAW INST. 1965). As explained by a North Carolina court:

> All [a]ctionable negligence presupposes the existence of a legal relationship between parties by which the injured party is owed a duty by the other, and such duty must be imposed by law. The law may impose that duty by statute, or else generally by operation of law under application of the basic rule of the common law which requires one to exercise due care when performing an undertaking and not to endanger the person or property of others. By contrast, the intentional tort of battery is not premised on the existence of a duty between the parties.

*Lynn v. Burnette*, 531 S.E.2d 275, 279 (N.C. Ct. App. 2000) (internal citations and quotations marks omitted). *See also Gipson v. Kasey*, 150 P.3d 228, 231 n.2 (Ariz. 2007) ("Intentional torts, in contrast [to negligence], do not require proof of a predicate duty of care.").

arresting agency. *Willingham*, 929 So. 2d at 50.[3] This is true even if the warrant was erroneously issued by another entity but still appears to be facially valid to the arresting agency. *Id.* (court properly granted summary judgment in arresting agency's favor on arrested person's false imprisonment claim when the arresting agency effectuated the arrest pursuant to a warrant that was erroneously issued by a court in another county); *Andrews v. Fla. Parole Comm'n,* 768 So. 2d 1257, 1263 (Fla. 1st DCA 2000) (holding that the court properly dismissed a false imprisonment claim against the Department of Corrections after it detained the defendant pursuant to a warrant erroneously issued by another entity because "[the Department of Corrections] was entitled to accept the warrants as lawful, as they were regular on their face and issued by a legal body having authority to issue warrants"). The reason for this appears to be that law enforcement does not have the discretion to disregard a facially valid warrant issued by an entity authorized to issue warrants. *Eslinger v. Shields,* 91 So. 3d 185, 186 (Fla. 5th DCA 2012) (holding that an arresting agency was not liable for false imprisonment when it arrested the defendant pursuant to a warrant erroneously issued by an entity in another jurisdiction because the arresting agency "had no obligation to look behind the warrants and no discretion in executing them").

However, if the warrant is void and thus facially invalid due to the conduct of the arresting agency, the analysis is different. In the factually similar *Jibory*, a plaintiff was arrested by the City of Jacksonville ("the City") on an outstanding warrant and then arrested by the City on the same warrant two years later. 920 So. 2d at 666–67. The subsequent arrest was a result of the City's failure to delete the warrant from its system after the first arrest. *Id.* at 667. The court held that under these circumstances, the plaintiff could allege a cause of action for false arrest/imprisonment against the City. *Id.* In arriving at this conclusion, the *Jibory* court pointed out that "this case does not present a situation where appellee was entitled to accept the warrant as lawful because it was issued by another entity having the legal authority to issue warrants." *Id.* "Rather, this case presents a situation where appellee, through its own employees, failed to delete the warrant from its computer records after appellee's officers executed it [two years prior]." *Id.* at 668.

---

[3] The *Willingham* court incorrectly discussed the lawfulness of the arrest pursuant to a warrant in terms of duty. 929 So. 2d at 49–50. However, the import of its holding was that an arrested person cannot maintain a false arrest or imprisonment claim against a law enforcement agency when the arrest is made pursuant to a "facially sufficient and validly issued arrest warrant[]."

In the instant case, Appellant alleged that BSO served Appellant with the warrant either while he was in court or in inmate housing. BSO later arrested him on the same warrant due to BSO employee error. Thus, based on the facts of the complaint as pled, the alleged false arrest was the result of a warrant which was void per BSO's own actions. Accordingly, under the authority of *Jibory*, Appellant adequately alleged that BSO committed the intentional tort of false arrest as the arrest was not made pursuant to a facially valid warrant and, thus, was not "lawful."

Having determined that there was potential tort liability for false arrest, the next question is whether sovereign immunity bars such liability. On this point, *Jibory* is also instructive and provides that sovereign immunity does not bar a false arrest suit against the government. *Id.* at 667 (citing *Sego v. City of Fernandina Beach*, 771 So. 2d 1235, 1235 (Fla. 1st DCA 2000), for the proposition that sovereign immunity does not preclude an action for false arrest); *Dickinson v. Gonzalez*, 839 So. 2d 709, 713 (Fla. 3d DCA 2003) (citing *Lester v. City of Tavares*, 603 So. 2d 18, 19 (Fla. 5th DCA 1992), for the proposition that there is no sovereign immunity for false arrest); *Thomas v. Fla. Game & Fresh Water Comm'n*, 627 So. 2d 541, 542 (Fla. 2d DCA 1993) ("Sovereign immunity does not bar an action for false arrest."). Therefore, the court erred in dismissing Appellant's false arrest count.

*Affirmed in part, reversed in part, and remanded.*

CONNER and FORST, JJ., concur.

\*         \*         \*

**Not final until disposition of timely filed motion for rehearing.**

6