# Third District Court of Appeal
## State of Florida

Opinion filed March 27, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1336
Lower Tribunal No. 16-18369
_____

**Mayrelis Zamora, et al.,**
Appellants,

vs.

**City of Miami,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Peter R. Lopez, Judge.

Wasson & Associates, Chartered, and Roy D. Wasson; Law Offices of Vincent Duffy, P.A., and Vincent Duffy (Deerfield Beach), for appellants.

Victoria Méndez, City Attorney, and Eric J. Eves, Senior Appellate Counsel, for appellee.


Before SCALES, MILLER and GORDO, JJ.

PER CURIAM.

Affirmed.  See Harder v. Edwards, 174 So. 3d 524, 530 (Fla. 4th DCA 2015) ("To state a cause of action for false imprisonment, the plaintiff must establish four elements: '1) the unlawful detention and deprivation of liberty of a person 2) against that person's will 3) without legal authority or 'color of authority' and 4) which is unreasonable and unwarranted under the circumstances.'" (quoting Mathis v. Coats, 24 So. 3d 1284, 1289 (Fla. 2nd DCA 2010))); Fisher v. Payne, 113 So. 378, 380 (Fla. 1927) ("Arrest under a warrant, valid in form, issued by competent authority on a sufficient complaint, is not false imprisonment . . . ." (quoting Whitten v. Bennett, 86 F. 405, 406 (2nd Cir. 1898))); Dodson v. Solomon, 183 So. 825, 826 (Fla. 1938) ("If the imprisonment is under legal authority it may be malicious but it cannot be false. This is true where legal authority is shown by valid process, even if irregular or voidable." (quoting S.H. Kress & Co. v. Powel, 180 So. 757, 762 (Fla. 1938))); Florez v. Broward Sheriff's Office, 270 So. 3d 417, 421-422 (Fla. 4th DCA 2019) ("When a claimant is arrested by an agency based on a facially sufficient and validly issued arrest warrant, that person cannot satisfy the elements of a false arrest claim because the warrant confers 'legal authority' on the arresting agency. This is true even if the warrant was erroneously issued by another entity but still appears to be facially valid to the arresting agency . . . The reason for this appears to be

that law enforcement does not have the discretion to disregard a facially valid warrant issued by an entity authorized to issue warrants.") (footnote omitted); <u>Andrews v. Fla. Parole Comm'n</u>, 768 So. 2d 1257, 1263 (Fla. 1st DCA 2000) ("[E]ven if the warrants upon which [the plaintiff] had been arrested were issued improperly by the [Parole] Commission based upon a mistake as to the facts or the law, the trial court correctly dismissed the false imprisonment claim against [the Department], because [the Department] was entitled to accept the warrants as lawful, as they were regular on their face and issued by a legal body having authority to issue warrants."); <u>ACandS, Inc. v. Redd</u>, 703 So. 2d 492, 493-94 (Fla. 3d DCA 1997) (stating that a loss of consortium claim is a derivative right that is dependent on the spouse's ability to recover against the same defendant).